# EXHIBIT B



**Russell Busch**
Attorney
409 E 50th Street
New York, NY 10022
Telephone: (630) 796-0903
Email: rbusch@milberg.com

June 16, 2022

*Via* **FedEx**
Lenovo (United States) Inc.
1009 Think Place
Morrisville, North Carolina, USA

   **Re: Notice Concerning Violation of New York Consumer Protection Laws, and other applicable laws.**

To Whom it May Concern:

   **PLEASE TAKE NOTICE** that this Letter constitutes notice pursuant to New York law for Lenovo (United States) Inc.'s ("Lenovo") breach of express warranty regarding its products sold on its website, Lenovo.com. This Letter also serves to notify Lenovo that its business practices violate the New York General Business Law §§ 349 and 350, constitute a breach of express and implied warranties as well as common law fraud, and that Lenovo has been unjustly enriched by the unlawful conduct at issue. Accordingly, I write on behalf of our client Anthony Ham ("Client"), representing himself and all individuals comprising the proposed Class defined in the attached Complaint, to demand that you remedy such violations within thirty (30) calendar days from your receipt of this letter.

   As detailed comprehensively in the attached Complaint, Mr. Ham's claims arise from Lenovo's unlawful practice of fabricating fictitious original prices for its Products, sometimes called "Web Price," or the company's explicit representation that the Products are of a particular value or level of quality ("Estimated Value"), promising users substantial "savings" with a significant discount off the fictitious price ("Discount" or "Savings"), and presenting users with a comparatively lower price to pay at the point of sale ("Sale Price"). Such representations induce reasonable consumers to believe that the List Price or Estimated Value is commensurate with the Products' actual quality or value and represents either the Products' normal price on Lenovo's website and/or the prevailing price in the market. In reality, as Lenovo knows quite well, the List Price or Estimated Value of the Products bears no relationship to the Products' actual quality or value, nor does it have any relation to the Products' normal price on Lenovo.com, or the prevailing price in the market. Instead, the List Price or Estimated Value is a work of fiction, intentionally created and highlighted to consumers like Mr. Ham in order to induce them to purchase the Products at inflated prices and with an incorrect understanding as to the Products' actual quality or value.

   Mr. Ham's experience with Lenovo is indicative of a consistent, concerted, widespread policy or practice employed by Lenovo throughout the relevant period. On June 17, 2020, Mr. Ham purchased a T495 (14") AMD 3700U with 8GB of RAM and a 256GB capacity solid state hard drive on Lenovo.com for a purported Sale Price of $969. The Web Price and the Savings advertised by Lenovo for this product on the company's website at the time of sale were both false and misleading, however, because Lenovo's actual price offered for the product was not at any time the List Price displayed on Lenovo's website, nor was the List Price ever the prevailing market price for the product, and because the product's true quality or value was never reflected in the List Price. Had Mr. Ham known the nature of Lenovo's unlawful pricing scheme, that



the product was worth significantly less than Lenovo represented, and that the purported Savings touted by Lenovo were entirely illusory, he would not have purchased the Product from Lenovo.com. Instead, he would have purchased the Product elsewhere for less or would have purchased a comparable PC from a different manufacturer entirely, for a similar or lower price.

As a result of Lenovo's actions, Mr. Ham and the proposed Class have incurred damages, including economic damages, including but not limited to the difference between the advertised value of the Product and its Sale Price as well as the premium paid for it above the prevailing market value. Mr. Ham hereby demands that Lenovo agree to (1) cease all false and misleading statements and advertising of the Products and (2) offer Mr. Ham and the proposed Class a refund in an amount equal to the List Price or Estimated Value of the Products minus the price they paid for them (the difference between what they received and what they were promised) in addition to any premium they paid over the prevailing market value of the Products.

Mr. Ham also demands that Lenovo institute new marketing and advertising procedures conforming to the requirements of the laws of the State of New York and federal regulations, and disgorgement of wrongfully acquired benefits by Lenovo. We further demand that the corrective notices be sent and placed in suitable media to alert customers to the company's misconduct and provide past and current customers with information concerning the fact pattern triggering entitlement to the remedial measures herein demanded.

Mr. Ham only recently learned of Lenovo's unlawful practices and the damages incurred thereby, and therefore only just concluded an investigation of his claims through his counsel. While he does not concede that Lenovo's Terms of Sale lawfully reduce the relevant statutes of limitations to a 2-year period, Mr. Ham does recognize that in light of the risk a court may deem such a limited period lawful, his claims would need to be brought within 2 years—by June 17, 2022. In light of this fact, and in order to avoid the potential loss of legal rights currently held, Mr. Ham will file the attached Complaint tomorrow, June 17, 2022.

Accordingly, Mr. Ham also demands that Lenovo preserve all documents and other evidence which refer or relate to any of the above-described practices. We are willing to negotiate to attempt to resolve the demands in this letter, but given the above uncertainty regarding Mr. Ham's statutes of limitations, he must file his Complaint within a period he can be certain will be deemed timely. If you wish to enter into discussions, please contact me immediately. I can be reached at (630) 796-0903 or rbusch@milberg.com. If you contend that any statement in this letter is inaccurate in any respect, then please provide us with your contentions and supporting documents promptly.

We look forward to your response.

Regards,

Russell Busch, Esq.
Milberg Coleman Bryson Phillips Grossman

Enclosure