**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ANTHONY HAM, individually and on
behalf of all others similarly situated,

                Plaintiff,

    v.

LENOVO GROUP LTD. and LENOVO
(UNITED STATES) INC.,

                Defendants.

No.   1:22-CV-5131

**ORAL ARGUMENT REQUESTED**

**DEFENDANT LENOVO (US) INC.'S MEMORANDUM OF LAW IN SUPPORT**
**OF ITS MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

**DLA PIPER LLP (US)**

Colleen Carey Gulliver
Rachael C. Kessler
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: (212) 335-4500
colleen.gulliver@us.dlapiper.com
rachael.kessler@us.dlapiper.com

*Attorneys for Defendant Lenovo (US)*
*Inc.*

# TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................................1

FACTUAL BACKGROUND ...............................................................................................3

      A.    Lenovo ..............................................................................................3

      B.    Sales Agreement ...............................................................................3

      C.    Plaintiff's Allegations .......................................................................4

      D.    Pricing on the Website .....................................................................5

LEGAL STANDARD ..........................................................................................................6

ARGUMENT .......................................................................................................................7

II.     Plaintiff Has Not Suffered an Injury Caused by Lenovo. .......................................7

      A.    Plaintiff Has Not Suffered an Injury .................................................7

      B.    Plaintiff Has Not Alleged Causation ................................................8

III.    Plaintiff Does Not Have Standing .........................................................................10

      A.    Plaintiff Has Not Suffered an Injury-in-fact ...................................10

      B.    Plaintiff Does Not Have Standing to Assert Claims for Products Other Than Laptops or For Purchasers Who Saw the Estimated Value Statement ..................13

      C.    Plaintiff Does Not Have Standing to Seek Injunctive Relief...............................15

IV.    Plaintiff's Warranty Claims Fail. ..........................................................................16

      A.    Lenovo's Limited Warranty Bars the Claims .................................16

      B.    Lenovo Did Not Make a False Affirmation of Fact..........................18

      C.    Plaintiff Did Not Provide Pre-Suit Notice ......................................18

      D.    The Laptop Was Merchantable ......................................................19

V.     Plaintiff's Fraud Claim Fails..................................................................................20

VI.    Plaintiff's Unjust Enrichment Claim Fails.............................................................21

      A.    The Claim is Duplicative ...............................................................21

      B.    Lenovo Was Not Unjustly Enriched ...............................................22

CONCLUSION ...................................................................................................................23

**TABLE OF AUTHORITIES**

**Cases**                                                                                          **Page(s)**

*Alce v. Wise Foods, Inc.*,
   2018 WL 1737750 (S.D.N.Y. Mar. 27, 2018) ......................................................................15

*Amaya v. Ballyshear LLC*,
   340 F. Supp. 3d 215 (E.D.N.Y. 2018) ..............................................................................6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...........................................................................................................6

*Avola v. La.-Pac. Corp.*,
   991 F. Supp. 2d 381 (E.D.N.Y. 2013) ..............................................................................9

*Bautista v. CytoSport, Inc.*,
   223 F. Supp. 3d 182 (S.D.N.Y. 2016) .............................................................................21

*Belfon v. Credit Check Total Consumerinfo.com, Inc.*,
   2018 WL 4778906 (E.D.N.Y. Oct. 1, 2018) .....................................................................3

*Berni v. Barilla S.p.A.*,
   964 F.3d 141 (2d Cir. 2020) .......................................................................................15, 16

*In re Bibox Grp. Holdings Ltd. Sec. Litig.*,
   534 F. Supp. 3d 326 (S.D.N.Y. 2021) ...............................................................................6

*Brown v. Kellogg Sales Co.*,
   2022 WL 992627 (S.D.N.Y. Mar. 31, 2022) .....................................................................6

*Budhani v. Monster Energy Co.*,
   527 F. Supp. 3d 667 (S.D.N.Y. 2021) ..........................................................................15, 16

*In re Canon Cameras*,
   237 F.R.D. 357 (S.D.N.Y. 2006) ................................................................................20, 23

*Carter v. Healthport Techs., LLC*,
   822 F.3d 47 (2d Cir. 2016) ................................................................................................6

*Colella v. Atkins Nutritionals, Inc.*,
   348 F. Supp. 3d 120 (E.D.N.Y. 2018) ............................................................................19

*Collins v. Travers Fine Jewels Inc.*,
   2018 WL 1470590 (S.D.N.Y. Mar. 23, 2018) .................................................................18

*Dash v. Seagate Tech. (US) Holdings, Inc.*,
   2015 WL 1537543 (E.D.N.Y. Apr. 1, 2015) ...............................................................20, 21

*Davis v. Hain Celestial Group, Inc.*,
297 F. Supp. 3d 327 (E.D.N.Y. 2018) ..................................................................21

*De Medicis v. Ally Bank*,
2022 WL 3043669 (S.D.N.Y. Aug. 2, 2022) .........................................................10

*Derbaremdiker v. Applebee's Int'l, Inc.*,
2012 WL 4482057 (E.D.N.Y. Sept. 26, 2012) .......................................................3

*DiCicco v. PVH Corp.*,
2020 WL 5237250 (S.D.N.Y. Sept. 2, 2020).................................................1, 8, 10

*DiMuro v. Clinique Lab'ys, LLC*,
572 F. App'x 27 (2d Cir. 2014) ......................................................................13, 14

*Dorce v. City of New York*,
460 F. Supp 3d 327 (S.D.N.Y. 2020)...................................................................15

*Druyan v. Jagger*,
508 F. Supp. 2d 228 (S.D.N.Y. 2007).....................................................................3

*Dwyer v. Allbirds, Inc.*,
2022 WL 1136799 (S.D.N.Y. Apr. 18, 2022).........................................................21

*Elkind v. Revlon Consumer Prods. Corp.*,
2015 WL 2344134 (E.D.N.Y. May 14, 2015) ........................................................14

*Fink v. Time Warner Cable*,
837 F. Supp. 2d 279 (S.D.N.Y. 2011)...................................................................22

*In re Frito-Lay N. Am., Inc. All Nat. Litig.*,
2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013)........................................................21

*Haft v. Haier US Appliance Sols.*,
2022 WL 62181 (S.D.N.Y. Jan. 5, 2022) ..............................................................18

*U.S. ex rel. Hanks v. United States*,
961 F.3d 131 (2d Cir. 2020)................................................................................10

*Housey v. Procter & Gamble Co.*,
2022 WL 874731 (S.D.N.Y. Mar. 24, 2022) ...............................................9, 13, 14

*Kilgore v. Ocwen Loan Servicing, LLC*,
89 F. Supp. 3d 526 (E.D.N.Y. 2015) ....................................................................22

*Kommer v. Bayer Consumer Health*,
710 F. App'x 43 (2d Cir. 2018) ...........................................................................15

*Kraft v. Staten Island Boat Sales, Inc.*,
   715 F. Supp. 2d 464 (S.D.N.Y. 2010)......................................................................17

*Lake v. Ford Motor Co.*,
   2019 WL 5873887 (E.D.N.Y. Aug. 22, 2019).........................................................19

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992).................................................................................................10

*Makarova v. United States*,
   201 F.3d 110 (2d Cir. 2000).......................................................................................6

*Mangiafico v. Blumenthal*,
   471 F.3d 391 (2d Cir. 2006).....................................................................................3, 4

*Marino v. Coach, Inc.*,
   264 F. Supp. 3d 558 (S.D.N.Y. 2017)..............................................................7, 16, 18

*Marshall v. Hyundai Motor Am.*,
   334 F.R.D. 36 (S.D.N.Y. 2019) ...............................................................................10

*Melendez v. One Brands, LLC*,
   2020 WL 1283793 (E.D.N.Y. Mar. 16, 2020)..........................................................22

*Morse v. Weingarten*,
   777 F. Supp. 312 (S.D.N.Y. 1991)..............................................................................8

*Nelson v. MillerCoors, LLC*,
   246 F. Supp. 3d 666 (E.D.N.Y. 2017) ......................................................................21

*Oden v. Boston Sci. Corp.*,
   330 F. Supp. 3d 877 (E.D.N.Y. 2018) ........................................................................7

*Parks v. Ainsworth Pet Nutrition, LLC*,
   377 F. Supp. 3d 241 (S.D.N.Y. 2019)..........................................................................7

*Petitt v. Celebrity Cruises, Inc.*,
   153 F. Supp. 2d 240 (S.D.N.Y. 2001)..........................................................................8

*Pittman v. Chick-Fil-A, Inc.*,
   2022 WL 2967586 (S.D.N.Y. July 27, 2022) ...................................................7, 8, 10

*Roberts v. Weight Watchers Int'l, Inc.*,
   217 F. Supp. 3d 742 (S.D.N.Y. 2016)........................................................................16

*Robey v. PVH Corp.*,
   495 F. Supp. 3d 311 (S.D.N.Y. 2020).......................................................................7, 8

iv

*Smith v. Apple, Inc.*,
  2022 WL 313874 (S.D.N.Y. Feb. 2, 2022).............................................................................20

*Stephenson v. Citco Grp. Ltd.*,
  700 F. Supp. 2d 599 (S.D.N.Y. 2010)...................................................................................6

*Tasini v. N.Y. Times Co., Inc.*,
  184 F. Supp. 2d 350 (S.D.N.Y. 2002).................................................................................10

*Tomasino v. Estee Lauder Cos.*,
  44 F. Supp. 3d 251 (E.D.N.Y. 2014) ..................................................................................19

*Veleron Holding, B.V. v. Morgan Stanley*,
  2014 WL 1569610 (S.D.N.Y. Apr. 16, 2014).........................................................................1

*Wells Fargo Bank v. Wrights Mill Holdings*,
  127 F. Supp. 3d 156 (S.D.N.Y. 2015)...................................................................................3

**Statutes**

N.Y. G.B.L. §§ 349 & 350................................................................................................*passim*

N.Y. U.C.C. § 2-725..............................................................................................................5

**Other Authorities**

C.P.L.R. § 213(1)..................................................................................................................5

C.P.L.R. § 213(8)..................................................................................................................5

Fed. R. Civ. P. 12(b)(1).....................................................................................................1, 6

Fed. R. Civ. P. 12(b)(6).....................................................................................................1, 6

Defendant Lenovo (US) Inc. ("Lenovo") moves this Court, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), for an order dismissing Plaintiff Anthony Ham's ("Plaintiff") Complaint in its entirety because Plaintiff lacks standing and the Complaint fails to state a claim upon which relief can be granted (the "Motion").[1]

## INTRODUCTION

A consumer seeking to purchase a computer has a number of choices: whether to purchase online or in a brick-and-mortar store; whether to purchase directly from the manufacturer or from a third party; whether to purchase from the first store or website visited or shop around for the best deal; whether to make a purchase immediately or wait for a sale; and myriad others.  Depending on the route the consumer chooses, they may later think they obtained an excellent bargain or feel they missed out on a better deal.  They do not, however, have a cause of action against a seller simply because they think they did not get the best available price because a customer is not entitled be offered the lowest price available.

That is exactly what Plaintiff attempts to do here.  He claims that the laptop he purchased on Lenovo's website, www.lenovo.com (the "Website"), was not worth what he paid because Plaintiff believed he was receiving a substantial discount off Lenovo's "web price," which he subjectively interpreted to mean the value of the product.  Courts, however, routinely dismiss claims brought by "disappointed bargain-hunters," because they "do not suffer ***any actual injuries*** or damages simply because they did not get ***as good a deal as they expected***."  *DiCicco v. PVH Corp.*, 2020 WL 5237250, at *6 (S.D.N.Y. Sept. 2, 2020) (emphasis added).

---

[1] Lenovo Group Ltd. ("LGL") has been dismissed.  *See* ECF No. 16.  Lenovo respectfully asks the Court to order that the Clerk of Court change the caption of this case to remove LGL.  *See Veleron Holding, B.V. v. Morgan Stanley*, 2014 WL 1569610, at *13 (S.D.N.Y. Apr. 16, 2014) ("In view of the fact that many of the defendants have been dismissed from this lawsuit, the Caption should be changed to eliminate any reference to those defendants.").

The Complaint warrants dismissal for several independent reasons:

- Plaintiff has not been injured because he received the laptop he bargained for at the price he agreed to pay (*see* Section I.A);

- Plaintiff also has not plausibly alleged that his purported injury was caused by Lenovo (*see* Section I.B);

- Plaintiff lacks Article III standing because he has not suffered an injury-in-fact (*see* Section II.A);

- Plaintiff lacks standing to pursue claims for individuals who did not purchase the T495 laptop or for those who saw an "estimated value" when purchasing on the Website because he did not purchase other products or view an "estimated value" statement when he made his purchase (*see* Section II.B);

- Plaintiff lacks standing to seek injunctive relief because he does not allege a likelihood of future injury (*see* Section III.C);

- The warranty claims are barred by Lenovo's limited warranty (*see* Section IV.A);

- The express warranty claim also fails because Lenovo did not make a specific, actionable misstatement regarding the laptop's quality (*see* Section IV.B);

- The warranty claims also fail because Plaintiff's nearly two-year delay in providing notice to Lenovo is unreasonable as a matter of law (*see* Section IV.C);

- The implied warranty claim also fails because it contains only conclusory allegations that the laptop was not merchantable (*see* Section IV.D);

- The fraud claim fails because Plaintiff has not alleged that Lenovo acted with fraudulent intent (*see* Section V);

- The unjust enrichment claim fails because it is duplicative (*see* Section VI.A); and

- The unjust enrichment claim also fails because Lenovo was not unjustly enriched (*see* Section VI.B).

Accordingly, this Court should grant Lenovo's Motion in its entirety.

# FACTUAL BACKGROUND[2]

## A.     Lenovo

"Lenovo sells a full portfolio of PCs, tablets, monitors, accessories, and other products in the United States."   Declaration of Carlo Savino, dated Aug. 16, 2022 ("Savino Decl."), ¶ 4. Lenovo's Website sells its own products plus a wide variety of third-party electronics and technology products directly to consumers.[3]   *See* Compl., ¶ 3.   Lenovo sells a variety of different laptops, desktops, tablets and monitors on the Website at any given moment in time.   *See*, *e.g.*, Declaration of Colleen M. Gulliver, dated Aug. 16, 2022 ("Gulliver Decl."), Exs. 5-7.   Lenovo also sells wholesale and through online marketplaces.   *See* Compl., ¶ 3; *see also* Savino Decl., ¶ 6.

## B.     Sales Agreement

Plaintiff admits he agreed to the terms of Lenovo's Sales Agreement (the "Sales Agreement")[4] when he made his purchase.   *See* Compl., at 6 ¶ 2.   The Sales Agreement states that a laptop is considered a hardware product.   Gulliver Decl., Ex. 1 at 1.1.   "Lenovo hardware Products are warranted in accordance with the Lenovo Limited Warranty," which is incorporated into the Sales Agreement and "Lenovo makes no other warranties."   *Id.* at 5.1, 5.2.   In turn,

---

[2] Lenovo assumes the Complaint's allegations are true only for purposes of this Motion, unless they are contradicted by other non-conclusory allegations, documents referenced in the Complaint, judicially noticeable facts and/or facts submitted in support of Lenovo's factual challenge to Plaintiff's Article III standing.

[3] *See* https://www.lenovo.com/us/en/about/whoweare/. "[A] court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and 'it is capable of accurate and ready determination.'"   *Wells Fargo Bank v. Wrights Mill Holdings*, 127 F. Supp. 3d 156, 167 (S.D.N.Y. 2015) (citation omitted).

[4] The Court may consider Lenovo's Sales Agreement because it is referenced in the Complaint (Compl., at 6, ¶ 2) and is integral to Plaintiff's claims.  *See, e.g., Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (a complaint is "'deemed to include . . . document[s] integral to the complaint'"; a document is "integral to the complaint" where the complaint "'relies heavily upon its terms and effect'") (citation omitted); *see also Belfon v. Credit Check Total Consumerinfo.com, Inc.*, 2018 WL 4778906, at *3 (E.D.N.Y. Oct. 1, 2018) (considering "documents on published websites," including the terms and conditions applicable to a consumer transaction); *Druyan v. Jagger*, 508 F. Supp. 2d 228, 234-36 (S.D.N.Y. 2007) (considering Terms of Use in granting motion to dismiss); *Derbaremdiker v. Applebee's Int'l, Inc.*, 2012 WL 4482057, at *3 (E.D.N.Y. Sept. 26, 2012) (considering sweepstakes rules and defendant's website in granting motion to dismiss).

Lenovo's Limited Warranty (the "Limited Warranty") states in bold and capitalized font that it is the "exclusive warranty and replaces **all other** warranties or conditions, express or implied, including . . . any implied warranties or conditions of **merchantability** or fitness for a particular purpose." Gulliver Decl., Ex. 2 at 1.[5]  The Limited Warranty provides **only** that Mr. Ham's laptop will be "free from defects in materials and workmanship under normal use during the warranty period." *Id.*  Lenovo also disclaims, with bolded and capitalized front, liability for "anticipated savings." *Id.* at 2.

In addition, Lenovo offers price protection for products sold on the Website (the "Price Match"). *Id.* at Ex. 3.  The Price Match provided that "[a]t time of purchase, Lenovo.com will match the price of any comparable PCs from **Lenovo, HP**, or **Dell** with the same key specs sold through a **national recognized on-line retailer**." *Id.* at 1 (emphasis in original).  Lenovo considers the "key specs" to be the computer's operating system, "[p]rocessor, [m]emory, [s]torage, [g]raphics, [s]creen size & resolution, and touch capability." *Id.*  The Price Match did not apply to "closeout" sales or products sold through third parties on Amazon.com as comparable. *Id*. at 2.

### C.    Plaintiff's Allegations

Plaintiff Anthony Ham alleges that on June 17, 2020, he "purchased a T495 (14[")]) AMD 3700U with 8GB of RAM and a 256GB capacity solid state hard drive . . . on Lenovo.com for a Sale Price of $969." Compl., ¶ 39.  This particular build T495 had a part number 20NJS0JJ00 (the "Laptop").  Savino Decl., ¶ 7.  The Laptop was actually offered for sale on the Website on that date for $1,049 and Plaintiff used a coupon to obtain the $969 price he paid.  Savino Decl., ¶¶ 7-8.

---

[5] The Court may consider Lenovo's Limited Warranty for the same reasons as the Sales Agreement; it is a document that evidences the parties' agreement and is integral to the complaint. *See Mangiafico*, 471 F.3d at 398.

Plaintiff does not allege any defects in the performance of his Laptop. *See generally* Compl. In fact, on June 29, 2020, Plaintiff submitted a 5-star review on the Website. Savino Decl., ¶ 9, Ex. 1. Yet, Plaintiff now asserts that Lenovo has engaged in false advertising and that he was injured because "substantially similar models were consistently overpriced on Lenovo.com as compared to competitors' websites," Compl., ¶ 49, which he asserts means that the Laptop was "not of the quality or value represented." *Id.* ¶ 79. Plaintiff asserts six claims on behalf of a nationwide class for a six-year period:[6] violations of New York General Business Law ("GBL") §§ 349 & 350, breach of express and implied warranty, fraud, and unjust enrichment.

### D. Pricing on the Website

When Plaintiff made his purchase on the Website, he alleges that there was a small "web price" displayed above a bolded, large font "After eCoupon" price and a savings amount indicating the difference between the "web price"[7] and the "After eCoupon" price. Compl., ¶ 40. Plaintiff, however, does not allege he saw the "web price," nor the specific "web price" that was listed on the Laptop product page at the time of his purchase. *See generally id.* In any event, Plaintiff did not pay the "web price" for his Laptop; he ultimately bargained for, and paid, a much lower price after utilizing the eCoupon. *See* Savino Decl., ¶¶ 7-8.

The "web price" phrase was not expressly defined on the Website. *See* Compl., ¶ 40. Plaintiff, however, alleges that the web price was supposed to represent the product's "true value" and that, because allegedly it did not, it was misleading. *Id.* ¶ 41. In an attempt to allege that the Laptop's true value was not reflective of the web price, Plaintiff claims that when he purchased

---

[6] Plaintiff asserts a class definition with a temporal scope of "the fullest period allowed by law." (Compl., ¶ 55). The longest applicable statute of limitations is six years. *See* N.Y. C.P.L.R. § 214(2) (three years for GBL claims); N.Y. U.C.C. § 2-725 (four years for breach of warranty); C.P.L.R. § 213(8) (six years for fraud); C.P.L.R. § 213(1) (six years for unjust enrichment).

[7] The complaint defines the "web price" as the list price. *See* Compl., ¶ 5.

his Laptop, "models substantially similar to Plaintiff's T495 were available for a price lower than" the actual price he paid. *Id.* at ¶ 46. As detailed below, this is incorrect.

## LEGAL STANDARD

Lenovo brings this motion pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). "A case is properly dismissed for lack of subject-matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Courts lack jurisdiction when the plaintiff does not have Article III standing. *In re Bibox Grp. Holdings Ltd. Sec. Litig.*, 534 F. Supp. 3d 326, 334 (S.D.N.Y. 2021). The plaintiff bears the burden of establishing standing. *Makarova*, 201 F.3d at 113. "[A] defendant is permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the Pleading." *Carter v. Healthport Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016); *see also Amaya v. Ballyshear LLC*, 340 F. Supp. 3d 215, 219 (E.D.N.Y. 2018) (the defendant may proffer evidence beyond the pleadings to "'reveal the existence of factual problems'") (citation omitted). "Courts 'may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but the Court may not rely on conclusory or hearsay statements contained in the affidavits.'" *Brown v. Kellogg Sales Co.*, 2022 WL 992627, at *2 (S.D.N.Y. Mar. 31, 2022) (Carter, J.) (quoting *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004)).

Under Rule 12(b)(6), a complaint must be dismissed if it does not "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "[A]lthough the Court must still accept factual allegations as true, it should not credit 'mere conclusory statements.'" *Stephenson v. Citco Grp. Ltd.*, 700 F. Supp. 2d 599, 618-19 (S.D.N.Y. 2010) (quoting *Iqbal*, 556 U.S. at 678).

**ARGUMENT**

**II.   PLAINTIFF HAS NOT SUFFERED AN INJURY CAUSED BY LENOVO.**

    **A.   Plaintiff Has Not Suffered an Injury.**

The fundamental premise of Plaintiff's Complaint fails because he has not been injured. "To establish an injury . . . a plaintiff must 'allege that . . . [the plaintiff] purchased a product and did not receive the ***full value of [the] purchase***.'" *Pittman v. Chick-Fil-A, Inc.*, 2022 WL 2967586, at *5 (S.D.N.Y. July 27, 2022) (dismissing GBL claims for lack of injury) (quoting *Orlander v. Staples, Inc.*, 802 F.3d 289, 302 (2d Cir. 2015)) (emphasis added).   A similar injury requirement exists for Plaintiff's breach of warranty and fraud claims.   *See, e.g.*, *Parks v. Ainsworth Pet Nutrition, LLC*, 377 F. Supp. 3d 241, 248 (S.D.N.Y. 2019) (dismissing breach of express warranty claim because it required plaintiff to allege "detriment"); *Oden v. Boston Sci. Corp.*, 330 F. Supp. 3d 877, 895-96 (E.D.N.Y. 2018), *adhered to on reconsideration*, 2019 WL 1118052 (E.D.N.Y. Mar. 11, 2019) (dismissing implied warranty claim; "breach of an implied warranty" requires an "injury"); *Marino v. Coach, Inc.*, 264 F. Supp. 3d 558, 572 (S.D.N.Y. 2017) (dismissing fraud claim as "New York law requires an injury in terms of the price or quality of the product.").

Courts have routinely "rejected misrepresentation claims based solely on a theory that the defendant's misrepresentation deprived the plaintiff of an opportunity to make a better-informed choice whether to buy the product.'" *Robey v. PVH Corp.*, 495 F. Supp. 3d 311, 321 (S.D.N.Y. 2020) (collecting cases under various consumer protection statutes) (internal citation omitted).   For example, in *Pittman*, the plaintiff challenged defendant's marketing practice of its "low-cost delivery fee."   2022 WL 2967586, at *1.   The plaintiff asserted that she was injured because she "would not have made the purchase had she known" that the defendant marked up its food costs for delivery and "if she had known the true delivery fee, she would have chosen another method for receiving food from [defendant] or ordered food from another provider." *Id.* at *6.   The Court

held, however, that she had not suffered an injury because she "merely 'believe[d] she was deceived into purchasing the product and spending what she did.'" *Id.* at *5.  As plaintiff had not alleged that the value of what she received was less than promised, she did not have a "cognizable injury." *Id.* at *6.

Similarly, in *DiCicco*, the Court dismissed claims against Van Heusen for allegedly using "'inflated' former prices" on its price tags "to induce consumers into believing that they [we]re getting a deal." 2020 WL 5237250, at *1.  There, the Court explained that the plaintiff:

> [Did] not allege that the Van Heusen products he bought were defective, or that they were missing any objective quality or feature promised or advertised by [defendant].  Nor d[id] he allege that he was dissatisfied with those items, ever tried to return them, or demanded a refund from [defendant].  Rather, he claims that [defendant] deprived him of the benefit of the bargain by failing to deliver the promised discounts.

*Id.* at *6.  But "disappointed bargain-hunters do not suffer any actual injuries or damages simply because they did not get as good a deal as expected." *Id.*  These cases confirm that if Plaintiff received what he bargained for, he has been not injured.

Such is the case here.  Plaintiff agreed to pay $969 for his Laptop and received the Laptop with the features he was promised for the price he agreed to pay.  *See generally* Compl.  Plaintiff does not allege that the Laptop was defective in any way.  *Id.*  Thus, he received what he bargained for and was not injured.  *Robey*, 495 F. Supp. 3d at 320 ("[T]he plaintiff has not pleaded that she received less than or something different from what she was promised – namely, functioning sunglasses and a useable wallet.").

### B.  Plaintiff Has Not Alleged Causation.

Plaintiff also fails to allege that any injury he purportedly sustained was caused by Lenovo.  Causation is a requirement for his GBL, fraud and warranty claims.  *See, e.g.*, *Petitt v. Celebrity Cruises, Inc.*, 153 F. Supp. 2d 240, 266 (S.D.N.Y. 2001) (dismissing GBL claim); *Morse v.*

*Weingarten*, 777 F. Supp. 312, 319 (S.D.N.Y. 1991) (fraud requires a showing that "the plaintiff's injury was caused by the defendant's misrepresentation or omission"); *Avola v. La.-Pac. Corp.*, 991 F. Supp. 2d 381, 391 (E.D.N.Y. 2013) ("breach of express warranty claims require . . . injury to the buyer caused by the breach."). "'To properly allege causation, a plaintiff must state . . . that he has seen the misleading statements of which he complains before he came into possession of the products he purchased.'" *Housey v. Procter & Gamble Co.*, 2022 WL 874731, at *3 (S.D.N.Y. Mar. 24, 2022) (citation omitted).

For example, in *Zachmann v. Coleman Co.*, the plaintiffs alleged that the defendant engaged in false advertising regarding its coolers' ability to retain ice. The court held that the plaintiffs had not alleged causation because "plaintiffs d[id] not specifically 'allege that because of defendant's deceptive act' . . . they . . . pa[id] a price premium they would otherwise not have paid." 2022 WL 161480, at *4 (S.D.N.Y. Jan. 18, 2022) (citation omitted). The Court further explained that the plaintiffs' allegations of reliance did not remedy this defect because they were "conclusory." *Id.*

So too here. Plaintiff has only alleged that "[w]hen Plaintiff purchased the T495" the Website "advertised a '[w]eb [p]rice,'" Compl., ¶ 39, and that he "purchased" "relying on the company's . . . illusory discounts." *Id.* at ¶ 37. Plaintiff has not, however, alleged that he ***actually saw*** a web price ***before*** making his purchase and his conclusory allegation of reliance is insufficient.

Regardless, Plaintiff's claims also fail because he could have exercised the "Price Match" to obtain a lower price ***if one was actually available*** from another covered retailer at the time of his purchase. *See* Gulliver Decl., Ex. 3. While Plaintiff has failed to allege that there ***actually was*** a lower price available for the same build T495 at the time of his purchase, even if there had been,

his failure to invoke this match was an intervening act that breaks any potential causation.  *See Marshall v. Hyundai Motor Am.*, 334 F.R.D. 36, 56 (S.D.N.Y. 2019) (declining to certify because individual claims "would have to [] establish that . . . [each] class member had done nothing . . . to create some intervening cause.").

As Plaintiff has not alleged that Lenovo caused his purported injury, his GBL, fraud and warranty claims fail.

## III.   PLAINTIFF DOES NOT HAVE STANDING.

### A.    Plaintiff Has Not Suffered an Injury-in-fact.

In any event, the Court should also dismiss the Complaint in its entirety for lack of Article III standing.  At an "irreducible constitutional minimum," Plaintiff must show he has ***personally suffered*** some actual or threatened injury due to defendant's conduct and that the injury is "'fairly traceable to the challenged action'" and is "'likely … [to be] redressed by a favorable decision.'"  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  "An injury in fact 'consists of an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical.'"  *De Medicis v. Ally Bank*, 2022 WL 3043669, at *4 (S.D.N.Y. Aug. 2, 2022) (dismissing for lack of standing after factual challenge).

In seeking to avoid the holdings of cases like *Pittman* and *DiCicco*, Plaintiff argues that his Laptop was worth less than what he paid because Lenovo purportedly offered comparable computers to his Laptop for less on Amazon and eBay.  Compl., ¶ 49.  Lenovo challenges these factual allegations for standing and, in such a situation, "no presumptive truthfulness attaches to the complaint's jurisdictional allegations; rather, the burden is on the plaintiff to satisfy the Court, as fact-finder, of the jurisdictional facts." *Tasini v. N.Y. Times Co., Inc.*, 184 F. Supp. 2d 350, 353 (S.D.N.Y. 2002) (citation omitted) (collecting cases); *see also U.S. ex rel. Hanks v. United States*,

961 F.3d 131, 136 (2d Cir. 2020) (a factual challenge "imposed on [plaintiff] the burden to show by a preponderance of the evidence" that the district court had jurisdiction).

Plaintiff's allegations fail to establish an injury-in-fact.  As an initial matter, Plaintiff gave his Laptop a 5-star review.  Savino Decl. ¶ 9, Ex. 1.  Moreover, each of the three purported comparisons are not actually comparable.  With respect to the first comparison, Plaintiff alleges that "Lenovo's ThinkPad T495s . . . was offered for sale (direct from Lenovo) on eBay for $749.99" around the time of his purchase.  Compl., ¶ 47.  Not so.  This particular device, the T495s, part number 20WKS2DF00 ("eBay T495s"), *was not available for sale* at the time of Plaintiff's purchase on either Lenovo's Website or eBay's marketplace.  In fact, it was not available on eBay's marketplace until almost a month later, on July 10, 2020.  Savino Decl., ¶ 11.  Further, eBay, not Lenovo, set the $749 price charged on the eBay marketplace.  *Id.* at ¶ 6, 12.  Finally, the eBay T495s is one of the last builds of an older generation model that Lenovo offered on "closeout" and was divesting to make room for newer generations.  *Id.* at ¶ 13.  Lenovo does not offer a Price Match for a "closeout" because it is not comparable.  *See* Gulliver Decl. Ex. 3 at 2. Thus, the difference in prices for Plaintiff's Laptop (a T495) and the eBay T495s – a different model that was not available at the same time and is a different generation from Plaintiff's Laptop – does not suggest that Plaintiff's Laptop was not worth his purchase price.

The remaining two purported comparisons are both from Amazon.  Compl., ¶¶ 31, 33.  Contrary to Plaintiff's allegation that they are from "Lenovo's own amazon.com store" (*id.* ¶ 31, n.14), Lenovo does not sell product directly on Amazon (Savino Decl., ¶ 14), which is confirmed

11

by a review of the Amazon sales pages at issue that clearly disclose the entity selling the product: "Laptop Authority" and "Delca Electronics."[8]  *See* Gulliver Decl., Ex. 8 at 1, Ex. 9 at 1.

In addition to the factual inaccuracy of the identity of the entity selling Lenovo products on Amazon, Plaintiff's purported Amazon comparisons also fail because they are materially different.  Plaintiff attempts to compare the ThinkPad T15 Gen 2 model available on Lenovo's Website to a version available on Amazon, purportedly at a lower price.  However, the model available on Amazon states that the "[s]eal [wa]s opened."  Savino Decl. ¶ 16.  An "open box" item is not a new item but a used product, i.e. no different than a used car.  One would not expect a new and used car to have comparable prices and neither should computers as demonstrated in Lenovo's Price Match Guarantee.  *See* Gulliver Decl., Ex. 3.  Lenovo does not agree to Price Match "open box" electronics as it does not view those products as comparable.  *Id.* at 2; *see also* Savino Decl. ¶ 16.  Plaintiff also claims that a ThinkPad X1 Carbon listed on Lenovo's Website can be compared to a ThinkPad X1 Carbon available on Amazon "with the[ ] same specifications." Compl., ¶¶ 31-32.  Contrary to Plaintiff's representations, however, the ThinkPad X1 Carbon listed on Amazon does not have the same specifications.  Rather, it has an earlier generation processor, one-quarter of the RAM memory, and one-half of the hard drive capacity, as outlined in the chart below, so it is no surprise that it is sold at a lower price.  *See* Savino Decl., ¶ 17.

|  | Lenovo.com | Amazon |
|---|---|---|
| **Processor** | Intel Core i7-1185G7 | Intel Core i5-1135G7 |
| **Memory** | 32 GB LPDDR4X RAM | 8 GB LPDDR4X RAM |
| **Storage** | 512 GB | 256 GB |

---

[8] The links included by Plaintiff as support for these allegations (Compl., ¶¶ 31, 33) are not static pages.  As such, the content of the pages has changed in between times the undersigned counsel has visited the sites, as outlined in the Gulliver Declaration.  Gulliver Decl. ¶ 10.

In summary, Plaintiff cannot demonstrate that he has personally suffered any actual injury as his functioning, self-described, 5-star Laptop (per his own review) was not worth less than what he paid for it.  As such, he has not suffered an injury-in-fact sufficient to confer Article III standing.

**B.      Plaintiff Does Not Have Standing to Assert Claims for Products Other Than Laptops or For Purchasers Who Saw the Estimated Value Statement.**

Even if Plaintiff had Article III standing here (and he does not), Plaintiff also does not have standing to assert claims on behalf of purchasers who purchased products other than a model T495 or any purchasers who purchased when the estimated value statement appeared on the Website. Plaintiff's extraordinarily overbroad class definition purports to bring claims for essentially *every computer* sold on Lenovo's website for a six-year period (*see* Compl., ¶¶ 3, 55), which represents thousands of products across many models, generations, and product lines.  Gulliver Decl. Exs. 5-7.  But a plaintiff has standing *only* when the claims for the other products "would raise 'a set of concerns' *nearly identical* to" the other products.  *DiMuro v. Clinique Lab'ys, LLC*, 572 F. App'x 27, 29 (2d Cir. 2014) (emphasis added).  That is not the case here.

In *DiMuro*, the Second Circuit affirmed dismissal of false advertising claims for unpurchased cosmetic products because the unpurchased products had "different ingredients" and "different advertising claims," which would require "[e]ntirely unique evidence . . . to prove that the . . . advertising statements for each of the seven different" products were misleading.  *Id.*  Thus, the plaintiffs lacked class standing to bring claims for unpurchased products.  *Id.*

Similarly, in *Hart v. BHH, LLC*, the Court dismissed claims related to animal repellers when the plaintiff had only purchased a pest repeller because the claims would not "raise 'nearly identical' concerns" since "[t]he products [we]re distinct and serve[d] different purposes."  2016 WL 2642228, at *4 (S.D.N.Y. May 5, 2016).  As such, "unique evidence would be required to prove that defendants' statements . . . were actually false or misleading."  *Id.*; *see also Housey*,

2022 WL 874731 at *9 (dismissing claims; they were "three different products, which all ma[d]e different representations"); *Elkind v. Revlon Consumer Prods. Corp.*, 2015 WL 2344134, at *3 (E.D.N.Y. May 14, 2015) (dismissing claims for unpurchased cosmetic powder).

So too here. Plaintiff purchased a T495 only from the Website and his Complaint contains allegations that the pricing advertising for ***his type of computer*** is purportedly deceptive. *See* Compl., ¶¶ 31, 33, 47. In fact, Plaintiff admits that "[c]omputers are complex consumer goods" and "[n]umerous factors affect the quality and overall value of different computer models." *Id.* ¶ 7. Yet, his class definition attempts to encompass various products – beyond even laptops – all with different purposes and uses and different purported values. *See* Compl., ¶ 3. The Complaint contains no allegations related to those products at all, let alone any allegations to suggest that the price advertising of any of those products is deceptive or that customers did not receive the "value" promised for those products. *See generally* Compl. These are unquestionably distinct products with their own features and pricing, which will require unique evidence to demonstrate both that Lenovo made any misstatement and that any class member was injured by such a misstatement.

Moreover, Plaintiff cannot bring claims on behalf of purchasers who were exposed to an "Estimated Value" statement because the Complaint admits that the Website did not have that language when Plaintiff made his purchase. Instead, Lenovo featured a "web price" statement. Compl., ¶ 39. These concepts are distinct and will be interpreted by a reasonable consumer differently.[9] Thus, unique evidence will be necessary regarding the meaning of each of these phrases and whether they were used in a deceptive manner. *See DiMuro*, 572 F. App'x at 29; *Hart*, 2016 WL 2642228, at *4; *Housey*, 2022 WL 874731, at *9.

---

[9] For example, unlike "web price," the "estimated value" language contains a "Tool Tip" and when clicked, provides additional explanation as to the meaning of the term. *See* Compl., ¶ 6 n.3.

Therefore, the claims for unpurchased products as well as claims for the "estimated value" advertising must be dismissed due to lack of standing.

## C.   Plaintiff Does Not Have Standing to Seek Injunctive Relief.

Plaintiff also lacks standing to seek injunctive relief because he has no risk of future harm. "Past injuries . . . do not confer standing to seek injunctive relief unless the plaintiff can demonstrate that [ ]he is likely to be harmed again in the future in a similar way." *Kommer v. Bayer Consumer Health,* 710 F. App'x 43, 44 (2d Cir. 2018) (quoting *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 238 (2d Cir. 2016)). "'In establishing a certainly impending future injury, a plaintiff cannot rely solely on past injuries; rather, the plaintiff must establish how he or she will be injured prospectively and that the injury would be prevented by the equitable relief sought.'" *Dorce v. City of New York*, 460 F. Supp 3d 327, 342 (S.D.N.Y. 2020) (quoting *Marcavage v. City of New York*, 689 F.3d 98, 103 (2d Cir. 2012)).

In any event, "[c]onsumers who were misled by deceptive . . . labels lack standing for injunctive relief because there is no danger that they will be misled in the future." *Alce v. Wise Foods, Inc.*, 2018 WL 1737750, at *6 (S.D.N.Y. Mar. 27, 2018) (citation omitted) (dismissing injunctive relief). As the Second Circuit explained, "next time they buy one of the [products], they will be doing so with exactly the level of information that they claim they were owed from the beginning." *Berni v. Barilla S.p.A.*, 964 F.3d 141, 148 (2d Cir. 2020); *see also Budhani v. Monster Energy Co.*, 527 F. Supp. 3d 667, 688-89 (S.D.N.Y. 2021) (dismissing injunctive relief; plaintiff "obviously now is on notice of what he claims to be the misrepresentations and omissions.").

In *Berni*, the Second Circuit reasoned that "to maintain an action for injunctive relief, a plaintiff 'cannot rely on past injury . . . but must show a likelihood that he . . . will be injured in the future.' 964 F.3d at 147 (quoting *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998)). "[Once] past purchasers . . . become aware they have been deceived, that will often

be the last time they will buy that item." *Id.*  Thus, "plaintiffs will lack the kind of injury necessary to sustain a case or controversy, and necessary to establish standing, under Article III.'" *Id.*

    *Marino v. Coach Inc.* is also analogous here.  *See* 264 F. Supp. 3d 558 (S.D.N.Y. 2017). There, the plaintiff argued that the defendant's manufacturer suggested retail price statements were false and sought monetary and injunctive relief.  *Id.* at 564.  But "plaintiffs ha[d] not alleged that they intend to purchase products . . . in the future" and regardless, since they now knew the purported truth, "they c[ould] not be misled [again]." *Id.* at 565.  Thus, the request for injunctive relief "[wa]s based entirely on their past injuries and the potential that other consumers might be deceived in the future." *Id.*  As there was no risk of future injury ***to the plaintiffs*** themselves, the Court dismissed the request for injunctive relief.  *Id.* at 566.

    The same is true here.  Plaintiff alleges only that he "would not have purchased the [Laptop]" if he had known the purported truth regarding the discount.  Compl., ¶ 53.  A risk of future injury does not exist because Plaintiff does not intend to purchase the product again and, even if he did, he is now aware of the alleged misleading statement and cannot be misled again. Thus, Plaintiff cannot seek injunctive relief.  *Budhani*, 527 F. Supp. 3d at 688-89.

## IV.    PLAINTIFF'S WARRANTY CLAIMS FAIL.

    As discussed above, Plaintiff's warranty claims fail because he has not adequately alleged any cognizable injury.  These claims also fail because: (a) Lenovo's Limited Warranty bars the claims; (b) Lenovo did not make a false affirmation of fact; (c) Plaintiff did not provide adequate pre-suit notice; and (d) the Laptop was merchantable.

### A.    Lenovo's Limited Warranty Bars the Claims.

    Plaintiff's express and implied warranty claims are barred by the Sales Agreement. "Under New York law, disclaimers of warranties . . . are permissible, and bar contract claims based on the alleged breach of those warranties." *Roberts v. Weight Watchers Int'l, Inc.*, 217 F. Supp.

3d 742, 750 (S.D.N.Y. 2016), *aff'd*, 712 F. App'x 57 (2d Cir. 2017).  A disclaimer is effective "if the writing is conspicuous," such as in "larger or other contrasting type or color."  *Kraft v. Staten Island Boat Sales, Inc.*, 715 F. Supp. 2d 464, 472 (S.D.N.Y. 2010).

In *Kraft*, the plaintiff argued that the defendant breached the implied warranty of merchantability regarding a boat.  *Id.*  The sales contract stated that the dealer "ma[de] no warranties express or implied . . . and no warranties of merchant-ability or fitness for a particular purpose are intended."  *Id.* at 473.  The Court held that the disclaimer was sufficient to waive the implied warranties because "merchantability" and "fitness for a particular purpose" "[we]re conspicuously provided in the written disclaimer in all capital letters."  *Id.*

The same result is compelled here.  Lenovo's Limited Warranty is conspicuously incorporated into its Sales Agreement and states in capitalized and bolded font that "Lenovo makes no other warranties for Lenovo hardware Products."  Gulliver Decl., Ex. 1 at 5.1-5.2 (Limited Warranty is "incorporated herein by reference").  The Limited Warranty also conspicuously states in bold and capitalized font that it is the "exclusive warranty and replaces ***all other*** warranties or conditions, express or implied, including . . . any implied warranties or conditions of ***merchantability***."  Ex. 2 at 1 (emphasis added).  Lenovo warranted only that the Laptop will be "free from defects in materials and workmanship under normal use during the warranty period." *Id.*  In addition, the limitation of liability conspicuously disclaims, with bolded and capitalized font, liability for "***anticipated savings***."  *Id.* at 2 (emphasis added).  Thus, Plaintiff has disclaimed the express and implied warranty claims asserted here, which seek to guarantee a specific level of anticipated savings.  *See, e.g.,* Compl., ¶ 88 ("Lenovo . . . expressly warranted that the Products were of a particular quality or value and that the Products were being offered at a considerable discount."); *Kraft*, 715 F. Supp. 2d at 473.

### B.     Lenovo Did Not Make a False Affirmation of Fact.

Plaintiff's express warranty claim also fails because Plaintiff has not identified a specific, actionable statement.  To create an express warranty, "'there must be a representation of fact or specific promise about the product.'"  *Haft v. Haier US Appliance Sols.*, 2022 WL 62181, at *6 (S.D.N.Y. Jan. 5, 2022).

In *Haft*, the plaintiff asserted that the defendant's website statements "that it [wa]s 'American's #1 Appliance Brand'" with "'world-class'" products created express warranties. 2022 WL 62181, at *6.  The Court disagreed, holding that "simply being the #1 appliance brand does not provide any concrete representations about the quality of the ovens." *Id.*

Similarly, in *Marino*, the plaintiff brought an express warranty claim arguing that defendant's manufacturer suggested retail price statements were "express warranties of product quality."  264 F. Supp. 3d at 574.  The Court dismissed the claim holding that "an inference that the Coach Factory products are of better quality than they actually are is too vague and general to be actionable as an express warranty of anything related to the actual goods." *Id.*

The same result follows here.  Plaintiff is challenging Lenovo's use of a "web price" to suggest that Lenovo warranted a specific value for the Laptop.  *See* Compl., ¶ 88.  But the phrase "web price" is not a part of the Sales Agreement and is undefined.  *See, e.g.*, *Collins v. Travers Fine Jewels Inc.*, 2018 WL 1470590, at *4 (S.D.N.Y. Mar. 23, 2018) (dismissing claim arguing that the defendant breached a warranty that "the jewelry would be sold at a discount off the retail price" because "[t]he term retail price was not part of the contract, and . . . [wa]s ambiguous").  Thus, the express warranty claim fails.

### C.     Plaintiff Did Not Provide Pre-Suit Notice.

Plaintiff's warranty claims also fail because the pre-suit notice alleged is insufficient as a matter of law.  "To assert a breach of warranty claim . . . 'the buyer must within a reasonable time

after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy[.]" *Tomasino v. Estee Lauder Cos.*, 44 F. Supp. 3d 251, 260 (E.D.N.Y. 2014) (quoting N.Y. U.C.C. § 2–607(3)(a)); *see also Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 143 (E.D.N.Y. 2018) ("To successfully state a claim for breach of warranty, 'a buyer must provide the seller with timely notice of an alleged breach of warranty.'") (citation omitted). "[C]ourts have found some delays unreasonable as a matter of law." *Tomasino*, 44 F. Supp. 3d at 260 (citation omitted).

In *Tomasino*, the Court dismissed the breach of warranty claim because the plaintiff waited over two years from the date of her purchase to send notice. *See id.* at 261. The "two to three years" "constituted an unreasonable delay" as a matter of law. *Id.* at 261, 263. The delay here is equally unreasonable. The Complaint alleges that pre-suit notice was provided on June 16, 2022 – one day short of two years after Plaintiff allegedly purchased his Laptop. Compl., ¶ 93. This delay is insufficient as a matter of law. *Tomasino*, 44 F. Supp. 3d at 260-61 (dismissing claim).

### D.      The Laptop Was Merchantable.

The implied warranty claim also fails because Plaintiff has not alleged that his Laptop was unmerchantable or unfit for its ordinary purpose. "In order for goods to be merchantable, they must be 'fit for the ordinary purposes for which such goods are used.'" *Lake v. Ford Motor Co.*, 2019 WL 5873887, at *4 (E.D.N.Y. Aug. 22, 2019), *report and recommendation adopted*, 2019 WL 4593489 (E.D.N.Y. Sept. 23, 2019) (quoting U.C.C. § 2–314(2)(c) and recommending implied warranty claim be dismissed with prejudice). "[R]ecovery for breach of the implied warranty of merchantability is warranted "upon a showing that the product was ***not minimally safe for its expected purpose***." *Id.* at *4 (emphasis added) (citation omitted).

Courts routinely dismiss breach of implied warranty claims when the plaintiff has not actually alleged that the product was unsafe or incapable of being used for its intended purpose.

*See, e.g., Smith v. Apple, Inc.*, 2022 WL 313874, at *6 (S.D.N.Y. Feb. 2, 2022) (dismissing the Complaint because "it d[id] not allege that the plaintiffs' iPhones were incapable of making calls, browsing the internet, running applications, or otherwise performing the 'ordinary purposes for which such goods are used.'") (citation omitted); *In re Canon Cameras*, 237 F.R.D. 357, 359-60 (S.D.N.Y. 2006) (dismissing claim; "cameras that do not malfunction" are not unmerchantable).

Plaintiff now makes conclusory allegations that the Laptop was "not merchantable" and "did not pass without objection in the trade" but does not allege actual facts indicating that the Laptop was unsafe or did not perform the basic functions of a laptop. *See* Compl., ¶ 99. This is insufficient as a matter of law. *Smith*, 2022 WL 313874, at *6 (dismissing claim).

## V.    PLAINTIFF'S FRAUD CLAIM FAILS.

As discussed above, Plaintiff's fraud claim fails because he has not adequately alleged an injury. This claim also fails because he has not pled fraudulent intent.[10] The "plaintiff must also 'allege facts that give rise to a strong inference of fraudulent intent.'" *Dash v. Seagate Tech. (US) Holdings, Inc.*, 2015 WL 1537543, at *2 (E.D.N.Y. Apr. 1, 2015) (citation omitted). This "'may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness.'" *Id.* (citation omitted). A "generalized motive to … increase sales and profits, 'does not support a strong inference of fraudulent intent.'" *Id.* (citation omitted).

In *Dash*, the plaintiff asserted he had been defrauded because the defendant misrepresented the speed of a hard drive and alleged fraudulent intent through the defendant's purported desire to "gain market share" and "charge a higher price for its Drive compared to a similar hard drive." *Id.*

---

[10] The Limited Warranty also disclaims punitive damages, which independently supports dismissal of Plaintiff's requested punitive damages relief. *Compare* Compl., ¶¶ 77, 85, 110 *with* Gulliver Decl., Ex. 3. Thus, even if the fraud claim did not fail for lack of injury and fraudulent intent, the punitive damages request must be stricken. *Id.*

at *2.  The Court held that the plaintiff had not demonstrated fraudulent intent because such motives "would pertain to virtually any company that manufactures and distributes goods.'"  *Id.*

Similarly, in *In re Frito-Lay N. Am., Inc. All Nat. Litig.*, the Court held that the plaintiffs failed to adequately plead fraudulent intent because the fact "that Frito-Lay desired to increase sales and revenue by labeling the product 'All Natural,'" was insufficient.  2013 WL 4647512, at *25 (E.D.N.Y. Aug. 29, 2013) ("a court cannot infer from allegations showing that the wrong-doer made more money a motive and opportunity to commit fraud."); *see also Davis v. Hain Celestial Group, Inc.*, 297 F. Supp. 3d 327, 337 (E.D.N.Y. 2018) ("The simple knowledge that a statement is false is not sufficient to establish fraudulent intent").

The same is true here.  The Complaint merely alleges that Lenovo "intended to induce Plaintiff and the Class to believe that they were purchasing Products of significantly greater quality or higher value."  Compl., ¶ 107.  Such an allegation alleges nothing more than a generalized motive to increase sales and profits, which is consistently held insufficient to allege fraudulent intent and thus should be dismissed.  *In re Frito-Lay*, 2013 WL 4647512, at *25 (dismissing claim).

## VI.   PLAINTIFF'S UNJUST ENRICHMENT CLAIM FAILS.

### A.   The Claim is Duplicative.

Plaintiff's unjust enrichment claim fails because it is duplicative of his other claims.  An unjust enrichment claim must be dismissed where the plaintiffs "fail[] to explain how the . . . claim [i]s 'not merely duplicative of [the] other causes of action.'"  *Bautista v. CytoSport, Inc.*, 223 F. Supp. 3d 182, 194 (S.D.N.Y. 2016) (citation omitted); *see also Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 679 (E.D.N.Y. 2017) (claim duplicative because it "relie[d] on the same facts as [plaintiff's] other causes of action in tort"); *Dwyer v. Allbirds, Inc.*, 2022 WL 1136799, at *11 (S.D.N.Y. Apr. 18, 2022) ("Courts will routinely dismiss an unjust enrichment claim that 'simply duplicates, or replaces, a conventional contract or tort claim.'") (citation omitted).

21

Here, Plaintiff's unjust enrichment claim is entirely duplicative.  Plaintiff alleges that he "purchas[]ed the Products based on [Lenovo's] representations of List Price or Estimated Value," Compl., ¶ 113, which is the same alleged conduct that forms the basis of his other claims.  *See id.* ¶¶ 68, 79.  Because the unjust enrichment claim merely duplicates Plaintiff's other claims, it is subject to dismissal.  *Melendez v. One Brands, LLC*, 2020 WL 1283793, at *8 (E.D.N.Y. Mar. 16, 2020) (dismissing duplicative claim).

### B.  Lenovo Was Not Unjustly Enriched.

Plaintiff's unjust enrichment claim also must be dismissed for the independent reason that he has not pled that Lenovo was unjustly enriched.  "'[A] plaintiff must establish (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution.'"  *Kilgore v. Ocwen Loan Servicing, LLC*, 89 F. Supp. 3d 526, 537 (E.D.N.Y. 2015) (quoting *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc*., 448 F.3d 573, 586 (2d Cir. 2006)).  Courts hold that the equitable relief returning the purchase price paid for a product is not warranted if that product was purchased and used as intended.  *See, e.g.*, *Fink v. Time Warner Cable*, 837 F. Supp. 2d 279 (S.D.N.Y. 2011), *aff'd*, 714 F.3d 739 (2d Cir. 2013).

In *Fink*, the district court dismissed the unjust enrichment claim because the plaintiff's allegations that she received less-than-advertised high-speed internet service "[were] insufficient to state plausibly a claim that Defendant's allegedly deceptive advertisements ma[d]e it unjust for Defendant to retain Plaintiffs' internet subscription fees."  837 F. Supp. 2d at 286.  The Second Circuit affirmed.  *See Fink*, 714 F.3d at 742.

The same result is compelled here.  Plaintiff was satisfied with the Laptop he received with the features advertised and does not allege that it was defective.  *See generally* Compl.  Instead, Plaintiff alleges in an entirely conclusory manner that Lenovo "deliberately overvalued Products" but that does not justify the return of Plaintiff's purchase price for a Laptop that worked as

intended.  Plaintiff has failed to plead that Lenovo has been unjustly enriched.  *In re Canon*, 237 F.R.D. at 360 ("A plaintiff who purchases a digital camera that never malfunctions . . . cannot be said to have received less than what he bargained for.").

## CONCLUSION

Lenovo respectfully requests that this Court dismiss the Complaint in its entirety and with prejudice.

Dated: August 16, 2022

**DLA Piper LLP (US)**

 */s/ Colleen Carey Gulliver*
Colleen Carey Gulliver
Rachael C. Kessler
1251 Avenue of the Americas
New York, New York 10020-1104
Phone: (212) 335-4500
Fax: (212) 335-4501
Email:  colleen.gulliver@us.dlapiper.com
            rachael.kessler@us.dlapiper.com