**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANTHONY HAM, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>LENOVO (UNITED STATES) INC.,<br><br>    Defendant. | No.   1:22-CV-5131-ALC |

**DEFENDANT LENOVO (UNITED STATES) INC.'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

**DLA PIPER LLP (US)**

Colleen Carey Gulliver
Rachael C. Kessler
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: (212) 335-4500
colleen.gulliver@us.dlapiper.com
rachael.kessler@us.dlapiper.com

*Attorneys for Defendant Lenovo*
*(United States) Inc.*

# <u>TABLE OF CONTENTS</u>

**<u>Page</u>**

INTRODUCTION ..................................................................................................................1

FACTUAL BACKGROUND..............................................................................................2

      A.     Lenovo .........................................................................................................2

      B.     Sales Agreement ..........................................................................................3

      C.     Plaintiff's Allegations .................................................................................3

      D.     Pricing on the Website ................................................................................4

LEGAL STANDARD...........................................................................................................5

ARGUMENT .......................................................................................................................6

I.       PLAINTIFF HAS NOT SUFFERED AN INJURY CAUSED BY LENOVO. .................6

      A.     Plaintiff Has Not Suffered an Injury.........................................................6

              1.     Plaintiff Received the Benefit of His Bargain. ............................6

              2.     A Price Premium Injury Is Implausible Here. .............................7

              3.     Plaintiff's Fraud Claim Similarly Fails to Allege an Injury. ......................8

      B.     Plaintiff Has Not Alleged Causation..........................................................9

II.      PLAINTIFF'S FRAUD CLAIM FAILS FOR ADDITIONAL REASONS....................11

      A.     The Fraud Claim Is Barred by the Economic Loss Doctrine...............................11

      B.     Plaintiff Has Not Pled Fraudulent Intent. ................................................11

III.    PLAINTIFF'S UNJUST ENRICHMENT CLAIM FAILS. ..........................................12

      A.     The Unjust Enrichment Claim is Duplicative.........................................12

      B.     Lenovo Was Not Unjustly Enriched. .......................................................13

IV.    PLAINTIFF CANNOT SEEK PUNITIVE DAMAGES.................................................14

      A.     The Sales Agreement Bars Punitive Damages.........................................14

      B.     Plaintiff Has Not Alleged Malice. ...........................................................15

V.      PLAINTIFF DOES NOT HAVE STANDING. .............................................................15

      A.     Plaintiff Has Not Suffered an Injury-in-fact. ..........................................15

      B.     Plaintiff Does Not Have Standing to Assert Claims For Unpurchased Products or Purchasers Who Saw the Estimated Value Statement.......................19

              1.     Plaintiff Does Not Have Standing to Assert Claims for Products Other Than His T495 Laptop....................................................20

              2.     Plaintiff Does Not Have Standing to Assert Claims for Purchasers Who Saw the Estimated Value Statement. ..................................21

      C.     Plaintiff Does Not Have Standing to Seek Injunctive Relief...............................23

VI.    LEAVE TO REPLEAD SHOULD BE DENIED. .........................................................25

CONCLUSION..................................................................................................................25

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alce v. Wise Foods, Inc.*,
    2018 WL 1737750 (S.D.N.Y. Mar. 27, 2018) .........................................................................23

*Amaya v. Ballyshear LLC*,
    340 F. Supp. 3d 215 (E.D.N.Y. 2018) ...................................................................................5

*Apple Inc. v. Qualcomm Inc.*,
    992 F.3d 1378 (Fed. Cir. 2021)............................................................................................15

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)............................................................................................................5, 9

*Belcastro v. Burberry Ltd.*,
    2017 WL 744596 (S.D.N.Y. Feb. 23, 2017).........................................................................9

*Bermudez v. Colgate-Palmolive Co.*,
    2023 WL 2751044 (S.D.N.Y. Mar. 31, 2023) .....................................................................25

*Berni v. Barilla S.p.A.*,
    964 F.3d 141 (2d Cir. 2020)...........................................................................................23, 24

*In re Bibox Grp. Holdings Ltd. Sec. Litig.*,
    534 F. Supp. 3d 326 (S.D.N.Y. 2021)..................................................................................5

*Braynina v. TJX Cos. Inc.*,
    2016 WL 5374134 (S.D.N.Y. Sept. 26, 2016).....................................................................8

*Brown v. Kellogg Sales Co.*,
    2022 WL 992627 (S.D.N.Y. Mar. 31, 2022) ..................................................................5, 25

*Budhani v. Monster Energy Co.*,
    527 F. Supp. 3d 667 (S.D.N.Y. 2021)................................................................................23

*Carter v. Healthport Techs., LLC*,
    822 F.3d 47 (2d Cir. 2016)...................................................................................................5

*Dash v. Seagate Tech. (US) Holdings, Inc.*,
    2015 WL 1537543 (E.D.N.Y. Apr. 1, 2015) ..................................................................11, 12

*Davis v. Hain Celestial Grp., Inc.*,
    297 F. Supp. 3d 327 (E.D.N.Y. 2018) ...............................................................................12

*De Medicis v. Ally Bank*,
    2022 WL 3043669 (S.D.N.Y. Aug. 2, 2022) .......................................................................16

*DiCicco v. PVH Corp.*,
    2020 WL 5237250 (S.D.N.Y. Sept. 2, 2020) ................................................................7, 8

*Doss v. Gen. Mills Inc.*,
    816 F. App'x 312 (11th Cir. 2020) ...............................................................................16

*Dupree v. Giugliano*,
    20 N.Y.3d 921 (2012) ....................................................................................................15

*Duran v. Henkel of Am., Inc.*,
    450 F. Supp. 3d 337 (S.D.N.Y. 2020) ......................................................................7, 24

*Eike v. Allergan, Inc.*,
    850 F.3d 315 (7th Cir. 2017) .........................................................................................16

*Fink v. Time Warner Cable*,
    837 F. Supp. 2d 279 (S.D.N.Y. 2011), *aff'd*, 714 F.3d 739 (2d Cir. 2013) ..............13

*Firestone v. Berrios*,
    42 F. Supp. 3d 403 (E.D.N.Y. 2013) .............................................................................15

*U.S. ex rel. Hanks v. United States*,
    961 F.3d 131 (2d Cir. 2020)...........................................................................................17

*Hart v. BHH, LLC*,
    2016 WL 2642228 (S.D.N.Y. May 5, 2016) .................................................................20

*Holborn Corp. v. Sawgrass Mut. Ins. Co.*,
    304 F. Supp. 3d 392 (S.D.N.Y. 2018)...........................................................................11

*Housey v. Procter & Gamble Co.*,
    2022 WL 874731 (S.D.N.Y. Mar. 24, 2022) ...........................................................10, 22

*Irvine v. Kate Spade & Co*,
    2017 WL 4326538 (S.D.N.Y. Sept. 28, 2017)..........................................................6, 7, 8

*Izquierdo v. Mondelez Int'l, Inc.*,
    2016 WL 6459832 (S.D.N.Y. Oct. 26, 2016) .................................................................24

*In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales Practs. & Liab.
Litig.*,
    903 F.3d 278 (3d Cir. 2018)............................................................................................16

*Kelly v. Beliv LLC*,
    2022 WL 16836985 (S.D.N.Y. Nov. 9, 2022)...........................................................23, 24

*Kilgore v. Ocwen Loan Servicing, LLC*,
    89 F. Supp. 3d 526 (E.D.N.Y. 2015) ...................................................................13

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ...........................................................................................16

*Makarova v. United States*,
    201 F.3d 110 (2d Cir. 2000) ................................................................................5

*Marino v. Coach, Inc.*,
    264 F. Supp. 3d 558 (S.D.N.Y. 2017) ............................................................9, 24

*Marshall v. Hyundai Motor Am.*,
    334 F.R.D. 36 (S.D.N.Y. 2019) .........................................................................10

*McGee v. S-L Snacks Nat'l*,
    982 F.3d 700 (9th Cir. 2020) .............................................................................16

*Miramontes v. Ralph Lauren Corp.*,
    2023 WL 3293424 (S.D.N.Y. May 5, 2023) ...........................................11, 12, 13

*Morgan Stanley & Co. Inc. v. Peak Ridge Master SPC Ltd.*,
    930 F. Supp. 2d 532 (S.D.N.Y. Mar. 15, 2013) ................................................14

*Morse v. Weingarten*,
    777 F. Supp. 312 (S.D.N.Y. 1991) ......................................................................9

*New Oriental Enter., PTE, Ltd. v. Mission Critical Sols. LLC*,
    2022 WL 874783 (S.D.N.Y.) .............................................................................17

*Nunes v. United Bhd. of Carpenters & Joiners of Am.*,
    2021 WL 1172625 (S.D.N.Y. Mar. 29, 2021) ...................................................25

*Orlander v. Staples, Inc.*,
    802 F.3d 289 (2d Cir. 2015) ................................................................................7

*Petitt v. Celebrity Cruises, Inc.*,
    153 F. Supp. 2d 240 (S.D.N.Y. 2001) .................................................................9

*Plutzer v. Bankers Trust Co. of S.D.*,
    2022 WL 17086483 (2d Cir. Nov. 21, 2022) ....................................................16

*Rivera v. S.C. Johnson & Son, Inc.*,
    2021 WL 4392300 (S.D.N.Y. Sept. 24, 2021) ...................................................22

*Robey v. PVH Corp.*,
    495 F. Supp. 3d 311 (S.D.N.Y. 2020) ..............................................................6, 8

*Ross v. Bank of Am., N.A. (USA)*,
    524 F.3d 217 (2d Cir. 2008)............................................................................................15

*Seljak v. Pervine Foods, LLC*,
    2023 WL 2354976 (S.D.N.Y. Mar. 3, 2023) ....................................................20, 22

*Small v. Lorillard Tobacco Co.*,
    94 N.Y.2d 43 (1999) ......................................................................................................9

*Stephenson v. Citco Grp. Ltd.*,
    700 F. Supp. 2d 599 (S.D.N.Y. 2010)..........................................................................5

*Tasini v. N.Y. Times Co.*,
    184 F. Supp. 2d 350 (S.D.N.Y. 2002)........................................................................17

*Travelers Cas. & Sur. Co. v. Dormitory Auth.-State of N.Y.*,
    734 F. Supp. 2d 368 (S.D.N.Y. 2010)........................................................................11

*In re Treasury Sec. Auction Antitrust Litig.*,
    595 F. Supp. 3d 22 (S.D.N.Y. 2022)..........................................................................25

*Warren v. Coca-Cola Co.*,
    2023 WL 3055196 (S.D.N.Y. Apr. 21, 2023)............................................................25

*Wells Fargo Bank v. Wrights Mill Holdings*,
    127 F. Supp. 3d 156 (S.D.N.Y. 2015)..........................................................................3

*In re Zantac (Rantidine) Prods. Liab. Litig.*,
    2023 WL 2817576 (S.D. Fla. Apr. 6, 2023) ..............................................................16

**Other Authorities**

C.P.L.R. § 213(1)...............................................................................................................4

## INTRODUCTION

As this Court found in its Opinion and Order on Lenovo (United States) Inc.'s ("Lenovo") motion to dismiss the initial complaint (ECF No. 33) ("Order"), "disappointed bargain-hunters do not suffer any actual injuries or damages simply because they did not get as good a deal as they expected."  Order at 24 (quoting *DiCicco v. PVH Corp.*, 2020 WL 5237250, at *6 (S.D.N.Y. Sept. 2, 2020)).  As such, Plaintiff Anthony Ham ("Plaintiff") had not been injured simply because he believed he was receiving a savings off Lenovo's "web price" when he purchased his Laptop.[1]  As this Court explained, because Plaintiff "d[id] not allege that the Laptop he received was ***worth less*** than the value ***he paid***," but only that "it was worth less than the purported Web price, ***which he did not pay***," he had not been injured.  Order at 24-25 (emphasis added).

In his First Amended Complaint ("FAC"), Plaintiff unsuccessfully attempts to plead around this Court's Order by asserting the same facts and theory of injury with a new name: "price premium."  FAC, ¶¶ 63, 84.  Now he alleges that he paid a premium because he believed he was receiving a product with the "overall quality" of a $1,729 Laptop even though he agreed to pay only $969.  *Id.* ¶¶ 49, 63. As this "price premium" allegation merely repackages the disappointed bargain hunter injury this Court – and courts throughout this District – have consistently held is insufficient, the FAC warrants dismissal for the same reasons the initial complaint failed: the FAC fails to state a claim and Plaintiff lacks standing.  Specifically, as this Court previously found and where the FAC does not remedy Plaintiff's pleading deficiencies:

- Plaintiff has not been injured (*see* Sections I.A.1-2);

- Plaintiff's fraud claim also fails to allege an injury (*see* Section I.A.3);

---

[1] Capitalized terms not otherwise herein defined have the same meaning as in Lenovo's Memorandum of Law in Support of its Motion to Dismiss the original Complaint (ECF No. 22) ("Original Motion to Dismiss").

- Plaintiff's unjust enrichment claim fails (*see* Section III); and

- Plaintiff lacks standing to seek injunctive relief because he does not allege a likelihood of future injury and he cannot remedy that defect (*see* Section V.C).

Furthermore, the FAC should be dismissed because:

- Plaintiff has not plausibly alleged that his purported injury was caused by Lenovo (*see* Section I.B);

- The fraud claim also fails because it is barred by the economic loss doctrine and Plaintiff has not alleged that Lenovo acted with fraudulent intent (*see* Section II);

- Plaintiff cannot seek punitive damages because they are barred by the Sales Agreement and Plaintiff has not alleged malice (*see* Section IV);

- Plaintiff lacks Article III standing because he has not suffered an injury-in-fact (*see* Section V.A); and

- Plaintiff lacks standing to pursue claims for individuals who did not purchase the T495 laptop or for those who saw an "estimated value" when purchasing on the Website because he did not purchase other products or view an "estimated value" statement when he made his purchase (*see* Section V.B).

Accordingly, just as before, the Court should grant Lenovo's Motion to Dismiss Plaintiff's FAC ("Motion") in its entirety and now with prejudice.

## FACTUAL BACKGROUND[2]

### A.    Lenovo

"Lenovo sells a full portfolio of PCs, tablets, monitors, accessories, and other products in the United States" at any given moment in time. *See*, *e.g.*, Declaration of Carlo Savino, dated Aug. 16, 2022 ("Savino Decl."), ¶ 4; Declaration of Colleen M. Gulliver, dated May 26, 2023 ("Gulliver Decl."), Exs. 1-3.[3]   Lenovo's website, www.lenovo.com/us/en/pc ("Website") sells its own

---

[2] Lenovo assumes the FAC's allegations are true only for purposes of this Motion, unless they are contradicted by other non-conclusory allegations, documents referenced in the FAC, judicially noticeable facts and/or facts submitted in support of Lenovo's factual standing challenge.

[3] The Savino Declaration references paragraphs contained in Plaintiff's initial complaint.   The FAC contains identical allegations.   *Compare* Compl. ¶ 47 *with* FAC ¶ 57, Compl. ¶ 31 *with* FAC ¶ 40, Compl. ¶ 33 *with* FAC ¶ 42.

products plus a wide variety of third-party electronics and technology products directly to consumers.[4]  *See* FAC, ¶ 3.

B.    **Sales Agreement**

Plaintiff admits he agreed to the terms of Lenovo's Sales Agreement (the "Sales Agreement")[5] when he made his purchase.  *See* FAC,  8[6] ¶ 2.   The Sales Agreement expressly limits Lenovo's liability "IN ANY ACTION UNDER OR RELATED TO" the Sales Agreement, including that "LENOVO SHALL NOT BE LIABLE TO CUSTOMER FOR . . . SPECIAL, INCIDENTAL, INDIRECT, PUNITIVE OR CONSEQUENTIAL DAMAGES."  Gulliver Decl. Ex. 4 § 7.2.

In addition, Lenovo offers price protection for products sold on the Website (the "Price Match").  *Id.* at Ex. 5.   The Price Match provided that "[a]t time of purchase, Lenovo.com will match the price of any comparable PCs from **Lenovo, HP**, or **Dell** with the same key specs sold through a **national recognized on-line retailer**."  *Id.* at 1.   Lenovo considers the "key specs" to be the computer's operating system, "[p]rocessor, [m]emory, [s]torage, [g]raphics, [s]creen size & resolution, and touch capability."  *Id.*   The Price Match did not apply to "closeout" sales or products sold through third parties on Amazon.com as they are not comparable.  *Id*. at 2.

C.    **Plaintiff's Allegations**

Plaintiff alleges that on June 17, 2020, he "purchased a T495 (14["]) AMD 3700U with

---

[4]  *See* https://www.lenovo.com/us/en/about/whoweare/. "[A] court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and 'it is capable of accurate and ready determination.'" *Wells Fargo Bank v. Wrights Mill Holdings*, 127 F. Supp. 3d 156, 167 (S.D.N.Y. 2015) (citation omitted).

[5] The Court may consider Lenovo's Sales Agreement because it is referenced in the FAC (FAC, 8 ¶ 2) and is integral to Plaintiff's claims.  *See, e.g.*, Order at 27 n.9 ("The Court may consider Lenovo's Sales Agreement because it is incorporated into the Complaint by reference.").

[6] Plaintiff's FAC repeats paragraphs 1 and 2 between paragraphs 24 and 25 on page 8.

8GB of RAM and a 256GB capacity solid state hard drive . . . on Lenovo.com for a Sale Price of $969." FAC, ¶ 48.  Despite using his Laptop for almost three years, Plaintiff does not allege any defects in the Laptop's performance.  *See generally* FAC.  Instead, Plaintiff continues to assert only that Lenovo has engaged in false advertising, which purportedly injured him because he was deprived of "promise[d] . . . substantial 'savings.'" FAC, ¶ 5.  He again asserts that the Laptop was "not of the quality represented" and now also asserts that the Laptop was "sold at a price premium." *Id.* ¶ 90.  Plaintiff's FAC drops his breach of express and implied warranty claims.  *See generally* FAC.  After being on notice for eight months that Lenovo is not the seller of the purported product comparisons provided in the FAC, Plaintiff continues to incorrectly assert the same without any factual basis.  *Compare* Original Mot. to Dismiss at 11-12, *with* FAC, ¶¶ 40, 42, 57.  And, despite the Court's prior holding that Plaintiff cannot assert claims for products beyond laptops, he continues to seek to represent a nationwide class for a six-year period for all products sold on Lenovo's Website.  *Compare* Order at 18 n.7, *with* FAC, ¶ 66.[7]

> ### D.   Pricing on the Website

When Plaintiff made his purchase on the Website, he acknowledges there was a small "web price" displayed above a bolded, large font "After eCoupon" price and a savings amount indicating the difference between the "web price"[8] and the "After eCoupon" price.  FAC, ¶ 50 (showing picture of pricing page).  Plaintiff, however, does not allege he saw the "web price," nor the "savings." *See generally id.*  In any event, Plaintiff did not pay the "web price" for his Laptop; he ultimately bargained for, and paid, the after eCoupon price. *Id.*, ¶ 48.  The "web price" phrase was

---

[7] Plaintiff asserts a class definition with a temporal scope of "the fullest period allowed by law." (FAC, ¶ 66).  The longest applicable statute of limitations is six years.  *See* N.Y. C.P.L.R. § 214(2) (three years for GBL claims); N.Y. C.P.L.R. § 213(8) (six years for fraud); C.P.L.R. § 213(1) (six years for unjust enrichment).

[8] The FAC defines the "web price" as the list price.  *See* FAC, ¶ 5.

not expressly defined on the Website.  *See* FAC ¶ 50.   Plaintiff, however, and without any basis for the same, alleges that the "web price" was supposed to represent the product's "true overall quality" and that, because allegedly it did not, it was misleading.  *Id.* ¶ 51.

## LEGAL STANDARD

Under Rule 12(b)(6), a complaint must be dismissed if it does not "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  "[A]lthough the Court must still accept factual allegations as true, it should not credit 'mere conclusory statements.'"  *Stephenson v. Citco Grp. Ltd.*, 700 F. Supp. 2d 599, 618-19 (S.D.N.Y. 2010) (quoting *Iqbal*, 556 U.S. at 678).

"A case is properly dismissed for lack of subject-matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  Courts lack jurisdiction when the plaintiff does not have Article III standing.  *In re Bibox Grp. Holdings Ltd. Sec. Litig.*, 534 F. Supp. 3d 326, 334-35 (S.D.N.Y. 2021). The plaintiff bears the burden of establishing standing.  *Makarova*, 201 F.3d at 113.  "[A] defendant is permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the Pleading."  *Carter v. Healthport Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016); *see also Amaya v. Ballyshear LLC*, 340 F. Supp. 3d 215, 219 (E.D.N.Y. 2018) (the defendant may proffer evidence beyond the pleadings to "reveal the existence of factual problems" (citation omitted)).  "Courts 'may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [the Court] may not rely on conclusory or hearsay statements contained in the affidavits.'"  *Brown v. Kellogg Sales Co.*, 2022 WL 992627, at *2 (S.D.N.Y. Mar. 31, 2022) (Carter, J.) (quoting *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004)).

## ARGUMENT

## I.    PLAINTIFF HAS NOT SUFFERED AN INJURY CAUSED BY LENOVO.

### A.    Plaintiff Has Not Suffered an Injury.

Despite previously failing to allege a benefit of the bargain theory of injury (Order at 24-25), Plaintiff once again attempts to do so while simultaneously alleging for the first time that he also suffered a price premium injury.  *See* FAC, ¶¶ 63, 84.  Neither suffices to plausibly allege a cognizable injury, which necessitates dismissal of his GBL and fraud claims.

#### 1.    *Plaintiff Received the Benefit of His Bargain.*

Plaintiff's FAC still does not allege that he was deprived of the benefit of his bargain. Instead, Plaintiff continues to assert only that he did not "receiv[e] a Product of the overall quality reflected in the device's List Price."  FAC, ¶ 61.  But Plaintiff admits he did not pay the List Price. *Id.* ¶ 48. As this Court acknowledged, "Plaintiff does not allege that the Laptop he received was worth less than the ***value he paid***."  Order at 24 (emphasis added). As a result, the "gravamen of [his] claim of injury" still is that "defendants' deception prevented [him] from making [a] free and informed choice[] as [a] consumer[]."  *Irvine v. Kate Spade & Co*, 2017 WL 4326538, at *4 (S.D.N.Y. Sept. 28, 2017) (citation omitted).  As this Court held, however, such a theory is "'legally flawed' because it characterize[s] the 'deception as injury.'" Order at 22 (quoting *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 56 (1999)).  Thus, courts consistently "reject[] misrepresentation claims based solely on a theory that the defendant's misrepresentation deprived the plaintiff of an opportunity to make a better-informed choice whether to buy the product." *Robey v. PVH Corp.*, 495 F. Supp. 3d 311, 321 (S.D.N.Y. 2020) (citation omitted).

The same result follows here.  Plaintiff reasserts that he "was fraudulently induced to believe . . . that his T495 was of substantially higher quality than . . . competitors['] and purchase[d] his Product motivated by that belief."  FAC, ¶ 60.  He also reasserts that he was

6

deprived of the opportunity to "purchase[] competitors' laptops with comparable or better hardware configurations for a lesser price."  *Id.*; *see also id.* ¶¶ 59; 64 ("[H]e would not have purchased the Product from Lenovo.com.  He would have purchased the Product elsewhere for less or would have purchased a comparable or even higher quality PC from a different manufacturer entirely[.]").  Because these allegations were legally insufficient, this Court previously rejected allegations that Lenovo "misrepresent[ed] [] the actual quality and value of the Laptop," which, if not done, would have allowed him to "b[uy] similar computers elsewhere" because it equates to a "misrepresentation depriv[ing] him of an opportunity to make a better-informed choice."  Order at 24-25.

## 2.     *A Price Premium Injury Is Implausible Here.*

A price premium injury is plausibly alleged when a plaintiff "alleges that a company marketed a product as having a 'unique quality,' that the marketing allowed the company to charge a price premium for the product, and that the plaintiff paid the premium and later learned that the product did not, in fact, have the marketed quality."  *Duran v. Henkel of Am., Inc.*, 450 F. Supp. 3d 337, 350-51 (S.D.N.Y. 2020); *see also Orlander v. Staples, Inc.,* 802 F.3d 289, 302 (2d Cir. 2015) (A price premium injury requires allegations that a plaintiff "did not receive the full value of [his] purchase").  Plaintiff, here, fails to do so.

For example, in *Irvine*, the plaintiffs successfully alleged a price premium because they "purchased goods that were worth even 'less than' the price they paid."  2017 WL 4326538, at *3.  Specifically, they asserted that the "made-for-outlet Merchandise was of inferior craftsmanship" and used lower quality materials than the goods at Kate Spade's usual retail stores.  *Id.*

In contrast, in *DiCicco*, the Court dismissed claims against Van Heusen for allegedly using "'inflated' former prices" on its price tags "to induce consumers into believing that they [we]re getting a deal."  2020 WL 5237250, at *1.  The Court explained that the plaintiff "[did] not allege

that the Van Heusen products he bought were defective, or that they were missing any objective quality or feature promised or advertised by [defendant]." *Id.*, at *6.

As *Irvine* and *DiCicco* make clear, the relevant price premium inquiry is whether Plaintiff plausibly alleged that he received a Laptop that was worth less than the price he actually paid – $969 – not less than the allegedly deceptive list price of $1,729. Just like the plaintiff in *DiCicco*, Plaintiff has not. He does not allege that his Laptop was defective in any way or that any advertised feature or characteristic was not received. He similarly does not allege that the laptops Lenovo sold on the Website were of lesser craftmanship compared to the Lenovo computers that were sold at other retailers. *See generally* FAC. Because Plaintiff received the Laptop with the features he was promised for the price he agreed to pay, he did not pay a price premium. *See Robey*, 495 F. Supp. 3d at 320 ("[T]he plaintiff has not pleaded that she received less than or something different from what she was promised – namely, functioning sunglasses and a useable wallet.").

Moreover, Plaintiff's asserted "price premium" injury is merely a repackaged version of his allegation that he did not receive as much of a "discount" as he had hoped. *See* FAC, ¶ 56. Plaintiff now asserts that he paid a "price premium" because he believed he was receiving a Laptop worth the "overall quality" of $1,729 when he agreed to pay $969 to buy his Laptop. *Id.* ¶ 63. "[S]uch a theory, if recognized, would all but swallow up *Small's* rule against 'deception as injury' claims." *Braynina v. TJX Cos. Inc.*, 2016 WL 5374134, at *11 (S.D.N.Y. Sept. 26, 2016). Any time a consumer alleged that they paid a "price premium" due to an allegedly deceptive list price he never paid, he would have an injury. This is not the law.

### 3.  *Plaintiff's Fraud Claim Similarly Fails to Allege an Injury.*

Plaintiff also now argues (improperly as an allegation in his FAC) that even if he does not have a cognizable injury under the GBL, he has plausibly alleged an injury for his fraud claim

because this Court held that he had Article III standing.  FAC, ¶ 104 (citing to this Court's holding regarding injury-in-fact).  This is incorrect for several reasons.

First, this argument is a legal conclusion that is not accepted as true.  *Iqbal*, 556 U.S. at 680 ("plaintiffs' assertion . . . was a 'legal conclusion' and, as such, was not entitled to the assumption of truth") (quoting *Twombly*, 550 U.S. at 555).  Second, as this Court recognized in its Order, the Second Circuit has held that "[i]njury in fact is a low threshold, which we have held need not be capable of sustaining a valid cause of action."  Order at 21 (quoting *Ross v. Bank of Am., N.A. (USA)*, 524 F.3d 217, 222 (2d Cir. 2008)).  Thus, the Court's holding that Plaintiff had standing does not necessitate a finding has plausibly alleged a cognizable injury for his fraud claim.

Finally, Plaintiff's improper argument also incorrectly asserts that a common law fraud claim has a lower burden to demonstrate injury than GBL claims.  The New York Court of Appeals in *Small* applied the same standard of injury for both claims:

> The flaw in plaintiffs' statutory claim foretells the inadequacy of the common-law claims: an act of deception, entirely independent or separate from any injury, is not sufficient to state a cause of action under a theory of fraudulent concealment.  Thus, plaintiffs' common-law fraud claims also fail.

94 N.Y.2d at 57.  Thus, courts, including this Court, routinely dismiss common law fraud claims for lack of injury when the plaintiff has attempted to plead deception as injury.  Order at 27; *see also Belcastro v. Burberry Ltd.*, 2017 WL 744596, at *3 (S.D.N.Y. Feb. 23, 2017) (dismissing common law fraud claim); *Marino v. Coach, Inc.*, 264 F. Supp. 3d 558, 572 (S.D.N.Y. 2017) (same).  Therefore, Plaintiff has not pled a cognizable injury for his GBL or fraud claims.

## B.  Plaintiff Has Not Alleged Causation.

Plaintiff also still fails to allege that any injury he purportedly sustained was caused by Lenovo.  Causation is a requirement for his GBL and fraud claims.  *See*, *e.g.*, *Petitt v. Celebrity Cruises, Inc.*, 153 F. Supp. 2d 240, 266 (S.D.N.Y. 2001) (dismissing GBL claim); *Morse v.*

*Weingarten*, 777 F. Supp. 312, 319 (S.D.N.Y. 1991) (fraud requires a showing that "the plaintiff's injury was caused by the defendant's misrepresentation or omission"). "'To properly allege causation, a plaintiff must state . . . that he has seen the misleading statements of which he complains before he came into possession of the products he purchased.'" *Housey v. Procter & Gamble Co.*, 2022 WL 874731, at *3 (S.D.N.Y. Mar. 24, 2022) (citation omitted).

For example, in *Zachmann v. Coleman Co.*, the plaintiffs alleged that the defendant engaged in false advertising regarding its coolers.  The Court held that the plaintiffs had not alleged causation because "plaintiffs d[id] not specifically 'allege that because of defendant's deceptive act' . . . they . . . pa[id] a price premium they would otherwise not have paid."  2022 WL 161480, at *4 (S.D.N.Y. Jan. 18, 2022) (citation omitted).  The Court further explained that the plaintiffs' allegations of reliance did not remedy this defect because they were "conclusory."  *Id.*

So too here.  Plaintiff has only alleged that "[w]hen Plaintiff purchased the T495" the Website "advertised a '[w]eb [p]rice,'" FAC, ¶ 48, and that he "purchase[d]" the Laptop "relying on the company's . . . fictitious [l]ist [p]rices," *id.* at ¶ 46.  As Lenovo argued in its Original Motion to Dismiss, Plaintiff has not alleged that he ***actually saw*** the much less prominent web price ***before*** making his purchase and his conclusory allegation of reliance is insufficient.

Regardless, Plaintiff's claims also fail because he could have exercised the "Price Match" to obtain a lower price ***if one was actually available*** from another covered retailer at the time of his purchase.  *See* Gulliver Decl., Ex. 5.  While Plaintiff has failed to allege that there ***actually was*** a lower price available for the same build T495 at the time of his purchase, even if there had been, his failure to invoke this match was an intervening act that breaks any potential causation.  *See Marshall v. Hyundai Motor Am.*, 334 F.R.D. 36, 56 (S.D.N.Y. 2019) (declining to certify because

individual claims "would have to [] establish that . . . [each] class member had done nothing . . . to create some intervening cause.").

As Plaintiff has not alleged proximate causation, his GBL and fraud claims fail.

## II.   PLAINTIFF'S FRAUD CLAIM FAILS FOR ADDITIONAL REASONS.

As this Court has already held and as argued above, Plaintiff's fraud claim fails because he has not adequately alleged an injury.  This claim also fails because (1) it is barred by the economic loss doctrine; and (2) Plaintiff has not pled fraudulent intent.

### A.   The Fraud Claim Is Barred by the Economic Loss Doctrine.

Plaintiff's fraud claim is barred by the economic loss doctrine.  "A plaintiff cannot seek damages by bringing a tort claim when the injury alleged is primarily the result of economic injury for which a breach of contract claim is available."  *Miramontes v. Ralph Lauren Corp.*, 2023 WL 3293424, at *13 (S.D.N.Y. May 5, 2023) (citation omitted); *see also Travelers Cas. & Sur. Co. v. Dormitory Auth.-State of N.Y.*, 734 F. Supp. 2d 368, 378-79 (S.D.N.Y. 2010).  This is true "even when actions for breach of contract and warranty were also dismissed."  *Miramontes*, 2023 WL 3293424, at *14.

Here, there is no dispute that the Sales Agreement governs.  FAC, 8 ¶ 2.  As such, he cannot assert a fraud claim for his purported economic loss.  *See*, *e.g.*, *Holborn Corp. v. Sawgrass Mut. Ins. Co.*, 304 F. Supp. 3d 392, 397 (S.D.N.Y. 2018) (economic loss doctrine barred tort claim).

### B.   Plaintiff Has Not Pled Fraudulent Intent.

Plaintiff still has not plausibly "'allege[d] facts that give rise to a strong inference of fraudulent intent.'"  *Dash v. Seagate Tech. (US) Holdings, Inc.*, 2015 WL 1537543, at *2 (E.D.N.Y. Apr. 1, 2015) (citation omitted).  This "'may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness.'"  *Id.*

11

(citation omitted).  A "generalized motive to . . . increase sales and profits, 'does not support a strong inference of fraudulent intent.'"  *Id.* (citation omitted).

In *Dash*, the plaintiff asserted that the defendant misrepresented the speed of a hard drive and alleged fraudulent intent through the defendant's purported desire to "gain market share" and "charge a higher price for its Drive compared to a similar hard drive."  *Id.* at *2.  The Court held that the plaintiff had not demonstrated fraudulent intent because such motives "would 'pertain to virtually any company that manufactures and distributes goods.'"  *Id.* (citation omitted)

Similarly, in *In re Frito-Lay North America, Inc. All Natural Litigation*, the Court held that the plaintiffs failed to adequately plead fraudulent intent because the fact "that Frito-Lay desired to increase sales and revenue by labeling the product 'All Natural,'" was insufficient.  2013 WL 4647512, at *25 (E.D.N.Y. Aug. 29, 2013) ("[A] court cannot infer from allegations showing that the wrong-doer made more money a motive and opportunity to commit fraud."); *see also Davis v. Hain Celestial Grp., Inc.*, 297 F. Supp. 3d 327, 337 (E.D.N.Y. 2018) ("The simple knowledge that a statement is false is not sufficient to establish fraudulent intent").

The same is true here.  Like the initial complaint, the FAC merely alleges that Lenovo "intended to induce Plaintiff and the Class to believe that they were purchasing Products of significantly greater quality."  FAC, ¶ 102.  This alleges nothing more than a generalized motive to increase sales and profits, which is consistently held insufficient.  *Miramontes*, 2023 WL 3293424, at *14 (dismissing claim because "merely stating that a defendant's intent to defraud . . . can be deduced from a defendant's alleged misrepresentations is not enough.").

## III.   PLAINTIFF'S UNJUST ENRICHMENT CLAIM FAILS.

### A.     The Unjust Enrichment Claim is Duplicative.

As this Court has already held, "[w]here an 'unjust enrichment claim is premised on the same factual allegations as those supporting a plaintiff's other claims, and a plaintiff has not

alleged distinct damages with respect to this claim,' then a plaintiff's unjust enrichment claim will be dismissed. Order at 28-29 (cleaned up) (citation omitted) (dismissing duplicative claim)). This is because even "if 'a plaintiff's other claims are defective . . . an unjust enrichment claim cannot remedy the defects.'" *Id.* at 29 (citation omitted).

Such is the case here. Plaintiff's unjust enrichment claim is duplicative of his GBL claims and seeks recompense for the same injury. *Compare* FAC, ¶ 112 (conduct was unjust because its "representations regarding the overall quality of the Products w[ere] misleading") *with id.*, ¶ 79 (conduct was "based on fictitious List Prices or Estimated Values"). Because the unjust enrichment claim merely duplicates Plaintiff's other claims, it must be dismissed. *See*, *e.g.*, *Miramontes*, 2023 WL 3293424, at *15.

### B.   Lenovo Was Not Unjustly Enriched.

Plaintiff's unjust enrichment claim also must be dismissed for the independent reason that he has not pled that Lenovo was unjustly enriched. "'[A] plaintiff must establish (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution.'" *Kilgore v. Ocwen Loan Servicing, LLC*, 89 F. Supp. 3d 526, 537 (E.D.N.Y. 2015) (quoting *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 586 (2d Cir. 2006)). Courts hold that the equitable relief of returning the purchase price paid for a product is not warranted if that product was purchased and used as intended. *See*, *e.g.*, *Fink v. Time Warner Cable*, 837 F. Supp. 2d 279, 286 (S.D.N.Y. 2011), *aff'd*, 714 F.3d 739 (2d Cir. 2013).

In *Fink*, the district court dismissed the unjust enrichment claim because the plaintiff's allegations that she received less-than-advertised high-speed internet service "[were] insufficient to state plausibly a claim that Defendant's allegedly deceptive advertisements ma[d]e it unjust for Defendant to retain Plaintiffs' internet subscription fees." 837 F. Supp. 2d at 286. The Second Circuit affirmed. *See Fink*, 714 F.3d at 742.

As Lenovo argued in its Original Motion to Dismiss, the same result is compelled here. Plaintiff was satisfied with the Laptop and has not allege that it was defective. *See generally* FAC. Instead, Plaintiff alleges in an entirely conclusory manner that Lenovo "deliberately overvalued Products" but that does not justify the return of Plaintiff's purchase price for a Laptop that worked as intended. Consequently, Plaintiff has failed to plead that Lenovo has been unjustly enriched.

## IV.   PLAINTIFF CANNOT SEEK PUNITIVE DAMAGES.

Finally, Plaintiff's request for punitive damages fails because: (1) it is expressly excluded by the Sales Agreement; and (2) Plaintiff has not alleged malice.

### A.   The Sales Agreement Bars Punitive Damages.

Plaintiff's claim for punitive damages must be dismissed because it is barred by the limitation of liability provision in the Sales Agreement. Such provisions "are valid and enforceable." *Morgan Stanley & Co. Inc. v. Peak Ridge Master SPC Ltd.*, 930 F. Supp. 2d 532, 544 (S.D.N.Y. Mar. 15, 2013) (Carter, J.). "The New York Court of Appeals has declared that '[a] limitation on liability provision in a contract represents the parties' [a]greement on the allocation of risk of economic loss . . . which the courts should honor." *Id.* (quoting *Net2Globe Int'l, Inc. v. Time Warner Telecom of N.Y.*, 273 F. Supp. 2d 436, 449-50 (S.D.N.Y. 2003)). In *Morgan Stanley*, this Court dismissed claims seeking punitive damages where the parties' contract provided that "[i]n no event will [counterdefendant] be liable to [counterclaimant] for consequential, incidental, punitive or special damages hereunder[.]." 930 F. Supp. 2d at 544.

Here, similarly, the Sales Agreement provides that "LENOVO SHALL NOT BE LIABLE TO CUSTOMER FOR . . . SPECIAL, INCIDENTAL, INDIRECT, PUNITIVE OR CONSEQUENTIAL DAMAGES." Gulliver Decl. Ex. 4 § 7.2. Accordingly, the Parties agreed that Lenovo would not be liable for punitive damages relating to the sale of the Laptop, and Plaintiff's request for punitive damages must be dismissed.

## B.     Plaintiff Has Not Alleged Malice.

Plaintiff's claim for punitive damages also fails because he has not alleged malice. "The standard for an award of punitive damages is that a defendant manifest evil or malicious conduct beyond any breach of professional duty." *Dupree v. Giugliano*, 20 N.Y.3d 921, 924 (2012). "There must be 'aggravation or outrage, such as spite or "malice," or a fraudulent or evil motive on the part of the defendant, or such a conscious and deliberate disregard of the interests of others that the conduct may be called willful or wanton.'" *Id.* (citation omitted).

The FAC does not allege any facts that make Plaintiff's assertion of malice plausible. Instead, the FAC relies on a formulaic recitation of this legal conclusion: Lenovo's "conduct showed malice, motive, and the reckless disregard of the truth." But "formulaic recitation[s]" do not suffice. *Twombly*, 550 U.S. at 555; *see also Firestone v. Berrios*, 42 F. Supp. 3d 403, 418 (E.D.N.Y. 2013) (dismissing request for punitive damages where "the facts alleged here do not establish the requisite showing of moral culpability, turpitude, or criminal vindictiveness").

## V.     PLAINTIFF DOES NOT HAVE STANDING.

### A.     Plaintiff Has Not Suffered an Injury-in-fact.

In any event, the Court should also dismiss the FAC in its entirety for lack of Article III standing. Lenovo acknowledges that the Court previously rejected Lenovo's argument on this point (*see* Original Mot. to Dismiss at 7-8, 10-13) and held that Plaintiff had standing. Order at 12-17. Lenovo reasserts the argument here for reconsideration and/or to preserve it for appeal.

In holding that Plaintiff had standing based on the induced purchase theory of injury, this Court cited to the Second Circuit's opinion in *Ross*, which held that Article III standing was a lower threshold than the injury necessary to state a claim. Order at 21 (citing *Ross*, 524 F.3d at 222). This Circuit's interpretation is the minority view, conflicting with recent holdings in five other circuits. *See, e.g., Apple Inc. v. Qualcomm Inc.*, 992 F.3d 1378, 1383-84 (Fed. Cir. 2021)

(rejecting assertion of standing based on "displeasure" with a contract that the party "voluntarily entered"); *Doss v. Gen. Mills Inc.*, 816 F. App'x 312, 314 (11th Cir. 2020) (affirming dismissal for lack of standing when plaintiff asserted that she "suffered an economic loss solely by purchasing Cheerios that she would not have purchased"); *McGee v. S-L Snacks Nat'l*, 982 F.3d 700, 705-06 (9th Cir. 2020) (affirming dismissal for lack of standing for an "economic injury" because "[a] plaintiff . . . must do more than allege that she 'did not receive the benefit she *thought* she was obtaining'" (citation omitted)); *In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales Practs. & Liab. Litig.*, 903 F.3d 278, 281 (3d Cir. 2018) ("[B]uyer's remorse, without more, is not a cognizable injury under Article III of the United States Constitution."); *Eike v. Allergan, Inc.*, 850 F.3d 315, 318 (7th Cir. 2017) (finding no standing based on purchaser "regret or disappointment"); *In re Zantac (Rantidine) Prods. Liab. Litig.*, 2023 WL 2817576, at *12 (S.D. Fla. Apr. 6, 2023) ("A plaintiff does not have standing to sue a defendant merely because of his or her buyer's remorse.").  Moreover, the Second Circuit itself has acknowledged that its "caselaw exhibits some tension regarding the requisite pleading standard for purposes of standing." *Plutzer v. Bankers Trust Co. of S.D.*, 2022 WL 17086483, at *2 (2d Cir. Nov. 21, 2022).

At an "irreducible constitutional minimum," Plaintiff must show he has **personally suffered** some actual or threatened injury due to defendant's conduct, the injury is "fairly traceable to the challenged action" and is "likely . . . [to be] redress[ed] by a favorable decision."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (citation omitted).  "An injury in fact 'consists of an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical.'"  *De Medicis v. Ally Bank*, 2022 WL 3043669, at *4 (S.D.N.Y. Aug. 2, 2022) (citation omitted) (dismissing for lack of standing after factual challenge).

Plaintiff argues that his Laptop was worth less than what he paid because Lenovo

purportedly offered comparable computers to his Laptop for less on Amazon and eBay.  FAC,
¶¶ 57-58.  Lenovo again challenges these factual allegations for standing as Plaintiff did not correct
these factual inaccuracies and, in such a situation, "no presumptive truthfulness attaches to the
complaint's jurisdictional allegations; rather, the burden is on the plaintiff to satisfy the Court, as
fact-finder, of the jurisdictional facts."  *Tasini v. N.Y. Times Co.*, 184 F. Supp. 2d 350, 353-54
(S.D.N.Y. 2002) (citation omitted) (collecting cases); *see also U.S. ex rel. Hanks v. United States*,
961 F.3d 131, 136 (2d Cir. 2020) (a factual challenge "imposed on [plaintiff] the burden to show
by a preponderance of the evidence" that the district court had jurisdiction).

Despite being given an opportunity to replead, Plaintiff's allegations once again do not
establish an injury-in-fact.  Plaintiff chose to give his Laptop a 5-star review (Savino Decl. ¶ 9,
Ex. 1) and three years later still has never alleged any issues with it.  *See generally* FAC.  In
addition, the overarching premise that the FAC's purported comparable computers were sold by
Lenovo elsewhere for less was proven demonstrably false in Lenovo's Original Motion to Dismiss
as Lenovo is not the seller of the product on the eBay Marketplace or those Amazon listings.
Savino Decl., ¶¶ 6, 11-14.  Yet, "counsel . . . does not explain why he refused to correct the filing
once he was presented with irrefutable proof that this statement was false."  *New Oriental Enter.,
PTE, Ltd. v. Mission Critical Sols. LLC*, 2022 WL 874783, at *7 (S.D.N.Y.).

Moreover, each of the three purported comparable computers was either not offered for
sale at the time of Plaintiff's purchase or not even comparable to his Laptop.  With respect to the
first comparison, Plaintiff alleges that "Lenovo's ThinkPad T495s . . . was offered for sale (direct
from Lenovo) on eBay for $749.99" around the time of his purchase.  FAC, ¶ 57.  But this
particular device ***was not available for sale*** when Plaintiff bought his Laptop from either Lenovo
or eBay's marketplace.  Savino Decl., ¶ 11.  Moreover, it was not a comparable device as it was

one of the last builds of an older generation model that was offered on "closeout" and eBay set the price, not Lenovo. *Id.* at ¶¶ 6, 12-13. Lenovo does not offer a Price Match for a "closeout" because it is not a comparable product. *See* Gulliver Decl. Ex. 5 at 2. Thus, the difference in prices for Plaintiff's Laptop (a T495) and the eBay T495s – a different model that was not available at the same time and is a different generation from Plaintiff's Laptop – does not suggest that Plaintiff's Laptop was not worth his purchase price.

The remaining two purported comparisons are from Amazon. FAC, ¶¶ 40, 42. Plaintiff again incorrectly alleges that they are from "Lenovo's own amazon.com store" (*id.* ¶ 40, 40 n.15) despite being made aware of the truth through both Lenovo's declaration in its Original Motion to Dismiss (*compare* Savino Decl., ¶ 14, *with* FAC, ¶ 40) and the clear disclaimers directly on the Amazon sales pages themselves that the entity selling the product is either "Laptop Authority" or "Delca Electronics.”[9] *See* Gulliver Decl., Ex. 6 at 1, Ex. 7 at 1.

Regardless, Plaintiff's purported Amazon comparisons also fail because the products are not actually comparable. Plaintiff attempts to compare the ThinkPad T15 Gen 2 model available on Lenovo's Website to a version available on Amazon, purportedly at a lower price. However, the model available on Amazon states that the "[s]eal [wa]s opened." Savino Decl. ¶ 16. An "open box" item is not a new item but a used product, i.e. no different than a used car. One would not expect a new and used car to have comparable prices and neither should computers as demonstrated in Lenovo's Price Match Guarantee. *See* Gulliver Decl., Ex. 5. Lenovo does not agree to Price Match "open box" electronics as it does not view those products as comparable. *Id.* at 2; *see also* Savino Decl., ¶ 16. Plaintiff also claims that a ThinkPad X1 Carbon listed on

---

[9] The links included by Plaintiff as support for these allegations (FAC, ¶¶ 40, 42) are not static pages. As such, the content of the pages has changed in between times the undersigned counsel has visited the sites, as outlined in the Gulliver Declaration. Gulliver Decl., ¶ 8.

Lenovo's Website can be compared to a ThinkPad X1 Carbon available on Amazon "with the[ ] same specifications."   FAC, ¶¶ 40-41.   Contrary to Plaintiff's representations, however, the ThinkPad X1 Carbon listed on Amazon does not have the same specifications.   Rather, it has an earlier generation processor, one-quarter of the RAM memory, and one-half of the hard drive capacity, as outlined in the chart below, so it is no surprise that it is sold at a lower price.   *See* Savino Decl., ¶ 17.

|           | **Lenovo.com**     | **Amazon**         |
|-----------|--------------------|--------------------|
| **Processor** | Intel Core i7-1185G7 | Intel Core i5-1135G7 |
| **Memory**    | 32 GB LPDDR4X RAM   | 8 GB LPDDR4X RAM    |
| **Storage**   | 512 GB              | 256 GB              |

In summary, Plaintiff cannot demonstrate that he has personally suffered any injury in fact sufficient to confer standing as he received the benefit of his bargain, a functioning, 5-star rated Laptop (per his own review).

> **B.     Plaintiff Does Not Have Standing to Assert Claims For Unpurchased Products or Purchasers Who Saw the Estimated Value Statement.**

Plaintiff also does not have standing to assert claims on behalf of purchasers who purchased products other than a T495 or who purchased when the estimated value statement appeared on the Website.   This Court explained that "[f]ollowing *DiMuro* [*v. Clinique Lab'ys, LLC*, 572 F. App'x 27 (2d Cir. 2014)], a number of district courts within the Circuit have concluded that putative class-action plaintiffs have standing at the pleading stage to assert consumer-protection claims relating to products they themselves did not purchase when two conditions are met: 1) the products are substantially similar to the products that they did purchase; and 2) the alleged misrepresentation is the same."   Order at 19 (quoting *Rivera v. S.C. Johnson & Son, Inc.*, 2021 WL 4392300, at *9 (S.D.N.Y. Sept. 24, 2021)).   Lenovo respectfully asserts that neither prong is met here.

1.      ***Plaintiff Does Not Have Standing to Assert Claims for Products Other Than His T495 Laptop.***

This Court previously held that the Plaintiff did not have standing to assert claims for non-Laptops.  Order 18 n.7.  In addition, Plaintiff does not have standing to assert claims for other laptops to the extent they are not "substantially similar" to his T495.  Courts in this District find that unpurchased products are not substantially similar if "unique evidence would be required to prove that [d]efendants' statements . . . were actually false or misleading."  *Hart v. BHH, LLC*, 2016 WL 2642228, at *4 (S.D.N.Y. May 5, 2016).  Such is the case here.

For example, in *Brown v. Coty, Inc.*, the Court held that the plaintiff did not have standing to assert claims for two different "waterproof mascara products" because they were not "sufficiently similar."  2023 WL 2691581, at *3 (S.D.N.Y. Mar. 29, 2023).  The Court explained that even though they were both mascaras and both alleged to "contain undisclosed PFAS" they were not alleged to "contain the same PFAS at the same levels."  *Id.*  Similarly, in *Hart* the Court dismissed claims related to animal repellers when the plaintiff had only purchased a pest repeller because the claims would not "raise 'nearly identical' concerns" since "[t]he products [we]re distinct and serve[d] different purposes."  2016 WL 2642228, at *4; *see also Seljak v. Pervine Foods, LLC*, 2023 WL 2354976, at *16 (S.D.N.Y. Mar. 3, 2023) (plaintiff did not have standing for unpurchased products with "different ingredients").

So too here.  Plaintiff's extraordinarily overbroad class definition once again purports to bring claims for essentially ***every product*** sold on Lenovo's Website for a six-year period (*see* FAC, ¶¶ 3, 66), which represents thousands of products across many models, generations, and product lines.  Gulliver Decl. Exs. 1-3.  But Plaintiff only purchased a T495 from the Website and his FAC contains allegations that the pricing advertising for ***his type of computer*** is purportedly deceptive.  *See* FAC, ¶¶ 40, 42, 57.  In fact, Plaintiff admits that "[c]omputers are complex

consumer goods" and "[n]umerous factors affect the quality and overall value of different computer models." *Id.*, ¶ 7. Yet, his class definition attempts to encompass various products – beyond even laptops[10] – all with different purposes and uses and different purported values. *See id.* ¶ 3. The FAC contains no allegations related to those products at all, let alone any allegations to suggest that the price advertising of any of those products is deceptive or that customers did not receive the "value" promised for those products. *See generally id*. The FAC similarly does not allege that the List Price was calculated the same for all products or that the amount of the discounts offered were comparable. *Id.* These are unquestionably distinct products with their own features and pricing, which will require unique evidence to demonstrate both that Lenovo made any misstatement and that any class member was injured by such a misstatement.

### 2. *Plaintiff Does Not Have Standing to Assert Claims for Purchasers Who Saw the Estimated Value Statement.*

Plaintiff also cannot bring claims on behalf of purchasers who were exposed to an "Estimated Value" statement, which is an entirely different alleged misrepresentation. The Court's holding that the "web price" and "estimated value" were "nearly identical" "misrepresentation[s]," Order at 18, appears to conflict with other courts in this District.

For example, in *Eshelby v. L'Oreal USA, Inc.*, the plaintiff argued that L'Oreal misrepresented that its products were made in France through the use of the brand name "L'Oreal Paris" and by use of "French-language text" on the packaging. 2023 WL 2647958, at *1 (S.D.N.Y. Mar. 27, 2023). The court concluded that the plaintiff lacked standing to assert claims for products she had not purchased even though they all contained the "L'Oreal Paris" brand name because the products "contain[ed] varying amounts of French-language text, if any." *Id.* at *5.

---

[10] The Court previously found that Plaintiff does not have standing to assert claims for non-laptop products. Order at 18 n.7.

Similarly, in *Seljak*, the Court held the plaintiff did not have standing to pursue claims challenging the use of the word "FIT" in its "FITBAR" line despite "FIT" being part of the "FITCRUNCH" product the plaintiff purchased because the packaging of the two products was "distinct." 2023 WL 2354976, at *16. This resulted in the need for "[e]ntirely unique evidence" to prove the "products are false and misleading." *Id.* (alterations in original); *see also Housey*, 2022 WL 874731 at *9 (dismissing claims; "three different products . . . all ma[d]e different representations").

The same result follows here. "Web price," and "estimated value" are two entirely different phrases and will be interpreted by a reasonable consumer differently. In addition, the "estimated value" language contains a "Tool Tip" and when clicked, provides additional explanation as to how the estimated value was determined. *See* Order at 4; Gulliver Decl. ¶ 9, Ex. 8. Thus, unique evidence will be necessary regarding the meaning of each of these phrases and whether they were used in a deceptive manner. *See*, *e.g.*, *Coty, Inc.,* 2023 WL 2691581, at *3 (no standing to assert claims for another mascara that contained a different level of a purported impurity because it would not "raise nearly identical issues as to whether . . . Coty's omission was misleading").

This Court previously relied on *Rivera* to support its holding that Plaintiff had standing to assert estimated value claims. Order at 18-19 (quoting 2021 WL 4392300, at *9). But in *Rivera*, unlike here, each of the products at issue had "the same exact misrepresentation": "Non-Toxic Formula." 2021 WL 4392300, at *10. Similarly, in *Buonasera v. Honest Co.*, the Court found standing because all of the products contained the same four misrepresentations. 208 F. Supp. 3d 555, 563 (S.D.N.Y. 2016) ("all natural," "natural," "plant-based," and contain "no harsh chemicals."). Here, the language of the two purported misrepresentations are entirely distinct.

In summary, the claims for unpurchased products as well as claims for the "estimated

value" pricing must be dismissed due to lack of standing.

### C. Plaintiff Does Not Have Standing to Seek Injunctive Relief.

Plaintiff continues to lack standing to seek injunctive relief because he cannot be misled again. "To satisfy the injury requirement when seeking injunctive relief, a plaintiff cannot rely on a past injury alone because 'past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing, present, adverse effects." Order at 19 (cleaned up) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). This Court previously dismissed Plaintiff's request for injunctive relief because "Plaintiff allege[d] that he would not have purchased the Laptop if he knew the alleged truth regarding the discount" as such an allegation does not "plead[] risk of future injury." *Id.* at 20. Plaintiff, however, continues to allege that he would not have purchased the Laptop if he knew the truth. FAC, ¶¶ 64, 103. He now also alleges that he would "consider" purchasing from Lenovo again if he could "trust" the company's representations. *Id.*, ¶ 87. This additional allegation still fails.

First, "[c]onsumers who were misled by deceptive . . . labels lack standing for injunctive relief because there is no danger that they will be misled in the future." *Alce v. Wise Foods, Inc.*, 2018 WL 1737750, at *6 (S.D.N.Y. Mar. 27, 2018) (citation omitted). As the Second Circuit explained, "next time they buy one of the [products], they will be doing so with exactly the level of information that they claim they were owed from the beginning." *Berni v. Barilla S.p.A.*, 964 F.3d 141, 148 (2d Cir. 2020); *see also Budhani v. Monster Energy Co.*, 527 F. Supp. 3d 667, 688-89 (S.D.N.Y. 2021) (plaintiff "obviously now is on notice"); *Kelly v. Beliv LLC*, 2022 WL 16836985, at *11-12 (S.D.N.Y. Nov. 9, 2022) (plaintiff "admits to being 'on notice of . . . the misrepresentations and omissions.'" (citation omitted)).

In *Berni*, the Second Circuit reasoned that "to maintain an action for injunctive relief, a plaintiff 'cannot rely on past injury . . . but must show a likelihood that he . . . will be injured in

the future.'" 964 F.3d at 147 (quoting *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d

Cir. 1998)). "[Once] past purchasers . . . become aware they have been deceived, that will often

be the last time they will buy that item." *Id.* Thus, "plaintiffs will lack the kind of injury necessary

to sustain a case or controversy, and necessary to establish standing, under Article III.'" *Id.*

    *Marino* is also analogous here. *See* 264 F. Supp. 3d at 564. There, the plaintiff argued that

the defendant's manufacturer suggested retail price statements were false and sought monetary and

injunctive relief. *Id.* at 563-64. But plaintiffs "c[ould] not be misled [again]." *Id.* at 565. Thus,

the request for injunctive relief "[wa]s based entirely on their past injuries and the potential that

other consumers might be deceived in the future." *Id.* As there was no risk of future injury **to the**

**plaintiffs** themselves, the Court dismissed the request for injunctive relief. *Id.* at 566. The same

is true here. A risk of future injury does not exist because Plaintiff is now aware of the alleged

misleading statement and cannot be misled again.

    Second, Plaintiff does not have standing to seek injunctive relief because he admits he will

not purchase from Lenovo unless the challenged pricing changes. FAC, ¶ 87. Such an allegation

does not confer standing because "[a]lleging that one would purchase a product if re-engineered

or re-marketed does not show a real or immediate threat of future injury" since a plaintiff's

allegation, like Plaintiff here, that he "would not have purchased a product but for defendant's

misrepresentation is 'effectively a concession that [he] does not intend to purchase the product in

the future.'" *Duran*, 450 F. Supp. 3d at 356-57 (citation omitted); *see also Izquierdo v. Mondelez*

*Int'l, Inc.*, 2016 WL 6459832, at *5 (S.D.N.Y. Oct. 26, 2016) (no prospect of injury; plaintiff

would not purchase the product unless its advertising changed); *Kelly*, 2022 WL 16836985, at *12

(no standing where plaintiff alleged he would purchase product "with the assurance that Product's

representations are consistent with its composition"). Thus, Plaintiff cannot seek injunctive relief.

## VI.    LEAVE TO REPLEAD SHOULD BE DENIED.

"'Leave to amend, though liberally granted, may properly be denied' for 'repeated failure to cure deficiencies by amendments previously allowed' or 'futility of amendment,' among other reasons." *Warren v. Coca-Cola Co.*, 2023 WL 3055196, *10 (S.D.N.Y. Apr. 21, 2023) (quoting *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (denying leave to amend)).  "[T]he failure to fix deficiencies in an initial pleading, after being provided notice of those deficiencies, is alone sufficient ground to deny leave to amend."  *Id.* at 11; *see also Bermudez v. Colgate-Palmolive Co.*, 2023 WL 2751044, at *16 (S.D.N.Y. Mar. 31, 2023) (denying leave to amend "because Plaintiffs already amended their complaint once . . . and the Court finds that further amendment would be futile"); *Nunes v. United Bhd. of Carpenters & Joiners of Am.*, 2021 WL 1172625, at *6 (S.D.N.Y. Mar. 29, 2021) (Carter, J.) (denying leave to amend where the plaintiff failed to correct deficiencies previously identified); *In re Treasury Sec. Auction Antitrust Litig.*, 595 F. Supp. 3d 22, 70 (S.D.N.Y. 2022) (denying leave to amend amended complaint because "Plaintiffs have had ample notice of the deficiencies in their pleadings").

In *Brown v. Kellogg Sales Co.*, this Court denied leave to further amend an amended complaint in a putative false advertising class action because based on the facts "any amendment would be futile."  2022 WL 992627, at *6 (S.D.N.Y. Mar. 31, 2022) (Carter, J.).

The same result should follow here.  Plaintiff has had the opportunity to amend once after receiving notice of Lenovo's arguments for dismissal and guidance from this Court, yet he has failed to fix the numerous deficiencies that require dismissal of his claims because he cannot. Accordingly, leave to amend should be denied.

### CONCLUSION

Lenovo respectfully requests that this Court dismiss the FAC in its entirety and with prejudice.

Dated: May 26, 2023                    **DLA Piper LLP (US)**

                                          */s/ Colleen Carey Gulliver*
                                          Colleen Carey Gulliver
                                          Rachael C. Kessler
                                          1251 Avenue of the Americas
                                          New York, New York 10020-1104
                                          Phone: (212) 335-4500
                                          Fax: (212) 335-4501
                                          Email: colleen.gulliver@us.dlapiper.com
                                                                rachael.kessler@us.dlapiper.com

                                          *Counsel for Defendant Lenovo (United States)*
                                          *Inc.*