USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/29/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAM,<br><br>      **Plaintiff,**<br><br>  -against-<br><br>LENOVO (UNITED STATES) INC.,<br><br>      **Defendant.** | 22-CV-05131 (ALC)<br><br><u>**OPINION & ORDER**</u> |

**ANDREW L. CARTER, United States District Judge:**

  Plaintiff Anthony Ham ("Plaintiff") brings this putative class action suit against Defendant Lenovo (US) Inc. ("Lenovo" or "Defendant") alleging (1) deceptive acts or practices in violation of the New York Deceptive Practice Act, N.Y.G.B.L. § 349 *et seq*; (2) false advertising in violation of the New York Deceptive Practice Act, N.Y.G.B.L. § 350 *et seq.*, (3) fraud; and (4) unjust enrichment. ECF No. 34 ("FAC") at ¶¶ 77-113. Defendant moved to dismiss Plaintiff's First Amended Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons discussed herein, the Court finds that Plaintiff lacks standing to seek injunctive relief and has failed to state claim as to the remaining causes of action. Therefore, Defendant's Motion is **GRANTED**.

BACKGROUND

  **I.**  **Procedural Background**

  Plaintiff filed the initial Complaint in this action on June 17, 2022. ECF No. 1. Following briefing of Defendant's first motion to dismiss, the Complaint was dismissed without prejudice. *See Ham v. Lenovo (United States) Inc.*, 664 F. Supp. 3d 562 (S.D.N.Y. 2023) (hereafter "*Ham I*"). On April 18, 2023, Plaintiff filed the First Amended Complaint. ECF No.

34. Defendant then filed their motion to dismiss (the "Motion") on May 26, 2023 along with two supplementary declarations. ECF Nos. 37-40. Plaintiff filed his opposition on July 3, 2023 ("Opp."). ECF No. 41. Defendant filed a reply memorandum on July 2, 2023 as well as a notice of supplemental authority on August 8, 2023. ECF Nos. 42-43.

II.     **Factual Background**

The Court presumes the Parties' familiarity with the relevant facts and directs readers to the factual background provided in the Court's prior opinion granting dismissal without prejudice. *See Ham I* at 569-573. The Court recounts here only those facts which differ from the Plaintiff's initial Complaint or loom large in the present analysis.

The overall structure of the alleged facts at play remains the same. As previously, Plaintiff takes issue with the way in which Defendant allegedly prices its consumer products on its website, Lenovo.com. Plaintiff alleges that Defendant "fabricates a fictitious original price, . . . (collectively referred to herein as "List Price") or explicit representation of a particular level of quality (referenced on Defendants' website and herein as "Estimated Value", promises users substantial savings with a significant discount off the fictitious price ("Discount" or "Savings"), and presents users with a comparatively lower price to pay at the point of sale ("Sale Price")." FAC ¶ 8 (cleaned up). Once again, Plaintiff also alleges that these representations induce consumers to believe the List Price or Estimated Value represent the product's true value and that the product's quality is commensurate with other similarly priced laptops on the market. *Id.* at ¶¶ 6-7.

Plaintiff, through the use of several illustrative examples, goes on to allege that "[t]he rapid pace of technological advancements further complicates the evaluation process for consumers" such that "[t]he only way consumers can make heads-or-tails of the choice between

buying a Lenovo Product or an Apple product is the companies' assertions regarding the overall quality of the products in the form of a List Price." *Id.* at ¶¶ 8-9. Doubling down, Plaintiff states that even "particularly tech-savvy consumer[s] with the time and wherewithal to research" laptop components and specifications would be unable to establish a product's "quality, performance, capability, reliability, or longevity" because, as Plaintiff tells it, "[c]onsumers *must* rely on representations made by the manufacturers and retailers of PC's . . . regarding their overall quality." *Id.* at ¶¶ 10-13 (emphasis in original).

From there, the FAC alleges that the advertised List Prices and purported Discounts are "work[s] of fiction" designed to "create the impression of significantly higher quality Product[s] than consumers will actually receive." *Id.* at ¶ 15. Plaintiff then states that "Defendant's Products are not worth what they claim they are, [and] are certainly not worth more than what they are actually sold for" and alleges that "Defendant continuously and systematically lied and . . . misle[d] consumers as to the overall quality of its Products . . . thereby induc[ing] [consumers] to purchase Defendant's Products at an inflated price under the mistaken belief that Defendant's List Price accurately conveys the overall quality of the Products." *Id.* at ¶¶ 18-19.

Plaintiff's factual allegations of his purchasing one of Defendant's laptops and Defendant's misrepresentations are largely unchanged from the initial Complaint. The few alterations as to these allegations repeat Plaintiff's view that Defendant "highly inflate[s]" their List Prices, *id.* at ¶ 31, that "consumers have no way to comprehensively evaluate the quality of a computer *without* taking into account the manufacturer's representation about its dollar value," *id.* at ¶ 33, and that the Defendant unlawfully "induced [Plaintiff] to believe, that the overall quality of his Product . . . [was] commensurate with the $1,729 List Price." *Id.* at ¶ 62; *see, e.g., id.* at ¶¶ 35-38, 56, 63; *see also Ham*, 664 F. Supp. 3d at 570-572.

**LEGAL STANDARD**

I.     **Rule 12(b)(1)**

"Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper when the district court lacks the statutory or constitutional power to adjudicate it." *Gelmart Indus. v. Eveready Battery Co.*, 120 F. Supp. 3d 327, 329-30 (S.D.N.Y. 2014) (quoting *Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d Cir. 2009)) (quotation marks omitted). When considering a motion to dismiss for lack of subject matter jurisdiction, "the Court construes the complaint in the plaintiff's favor and accepts all factual allegations as true." *Zietek v. Pinnacle Nursing*, No. 21-CV-5488 (AT) (JLC), 2024 U.S. Dist. LEXIS 11852, at *7 (S.D.N.Y. Jan. 23, 2024). The party asserting jurisdiction bears the burden of establishing it exists by a preponderance of the evidence. *See Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009); *Aurecchione v. Schoolman Transp. Sys. Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). Such a "showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation and internal quotation marks omitted).

When evaluating a 12(b)(1) motion, "the Court may consider evidence outside the pleadings." *Ryan v. United States*, No. 1:15-cv-2248-GHW, 2015 U.S. Dist. LEXIS 162633, at *9 (S.D.N.Y. Dec. 3, 2015) (quoting *Morrison*, 547 F.3d at 170). "[P]laintiffs [may] come forward with evidence of their own to controvert that presented by the defendant if the affidavits submitted on a 12(b)(1) motion . . . reveal the existence of factual problems in the assertion of jurisdiction." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016) (quotation marks omitted). "However, the plaintiffs are entitled to rely on the allegations in the Pleading if the

evidence proffered by the defendant is immaterial because it does not contradict plausible allegations that are themselves sufficient to show standing." *Id.*

A "defendant is permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the Pleading." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016) (citations omitted). Where a defendant proffers such evidence, "the plaintiffs will need to come forward with evidence of their own to controvert that presented by the defendant 'if the affidavits submitted on a 12(b)(1) motion . . . reveal the existence of factual problems' in the assertion of jurisdiction." *Id.* (quoting *Exchange National Bank of Chicago v. Touche Ross & Co.,* 544 F.2d 1126, 1131 (2d Cir.1976). If a defendant's evidence does not actually contradict a plaintiff's plausible allegations, then the plaintiff will be entitled to rely on the allegations contained in their Pleading. *Id.*

## II.     Rule 12(b)(6)

When deciding on a motion to dismiss for failure to state a claim, the Court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" need not be credited." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim should be dismissed where a plaintiff has failed to plead sufficient facts that "plausibly give rise to an entitlement for relief." *Id.* at 679. A claim is plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing Twombly, 550 U.S. at 556). A plaintiff must present "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court's function on

a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).

## DISCUSSION

Defendant again asserts that Plaintiff lacks Article II standing to bring this action and that the Complaint fails to state a cognizable claim. On standing, Defendant asks this Court to reconsider its prior decision finding that Plaintiff has suffered an injury-in-fact and has standing to assert claims for purchasers of laptops other than his own T495 product and for purchasers who saw the Estimated Value Statement. *See Ham I* at 574-578. Defendants also reassert their claim that Plaintiff lacks standing to bring a claim for injunctive relief. Elsewhere, Defendant's motion again argues that Plaintiff's N.Y.G.B.L. and fraud claims fail because he has failed to plausibly allege that he suffered an injury caused by Lenovo.

The Court considers first Defendant's arguments as to standing and will only assess Defendant's remaining 12(b)(6) arguments upon a finding of subject matter jurisdiction. *See De Medicis v. Ally Bank*, 2022 U.S. Dist. LEXIS 137337, at *10 (S.D.N.Y. Aug. 2, 2022) (citing *Brokamp v. James*, 573 F.Supp.3d 696, 703 (N.D.N.Y. 2022)).

### I.      Standing

Defendant argues that Plaintiff lacks Article III standing to bring this case because Plaintiff: (1) has not suffered an injury-in-fact, (2) can not bring claims for products which Plaintiff did not purchase or on behalf of those purchasers who saw the estimated value statement, and (3) does not sufficiently allege a likelihood of future injury to seek injunctive relief.

Article III of the U.S. Constitution limits the jurisdiction of the federal courts to "cases" and "controversies." U.S. Const. Art. III, § 2. "The doctrine of standing gives meaning to these constitutional limits by 'identify[ing] those disputes which are appropriately resolved through the judicial process.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 156 (2014) (*quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Article III standing requires that a plaintiff have (1) "suffered an injury-in-fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *John v. Whole Foods Market Group, Inc.*, 858 F.3d 732, 736 (2d Cir. 2017) (citing *Lujan*, 504 U.S. at 560–61).

"Injury in fact consists of an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *John* 858 F.3d at 736 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339, 136 S. Ct. 1540, 1548 (2016)). This requirement is a "low threshold which helps to ensure that the plaintiff has a personal stake in the outcome of the controversy." *Id.* (quoting *Susan B. Anthony List*, 134 S. Ct. at 2341 *and WC Capital Mgmt., Ltd. Liab. Co. v. UBS Sec., Ltd. Liab. Co.*, 711 F.3d 322, 329 (2d Cir. 2013)) (cleaned up).

**A. Injury-In-Fact**

Defendant once again makes the same fact-based Rule 12(b)(1) challenge that it did previously and relies on the same extrinsic evidence it previously presented to this court. *See Ham I* at 575-577; *compare* ECF No. 23 ("Gulliver Decl. I") *and* ECF No. 24 ("Savino Decl. I") *with* ECF No. 39 ("Gulliver Decl. II") *and* ECF No. 40 ("Savino Decl. II"). Defendant presents no argument at all as to why this Court should reconsider its prior finding that Defendant's proffered factual allegations do not contradict Plaintiff's argument for standing. Instead,

Defendant merely recites the same exact factual allegations as before, namely that Plaintiff purportedly left a 5-star review of the laptop product, that Defendant did not sell the T495 model laptop on eBay, and that the T495 model is not comparable to Plaintiff's laptop. Therefore, Plaintiff remains "entitled to rely on the allegations of the Complaint in opposition to the motion to dismiss for lack of standing." *Ham I* at 577 (quoting *Carter* 822 F.3d at 57).

Moving on to the substance of their argument, Defendant takes issue with this Court's citation to the Second Circuit's opinion in *Ross* in support of the holding that Plaintiff adequately pleaded injury-in-fact for Article III standing purposes but fell short of sufficiently pleading injury for his N.Y. G.B.L. §§ 349 and 350 claims. *See Ross v. Bank of Am. N.A. (USA)*, 524 F.3d 217, 222 (2d Cir. 2008); Motion at 15-16; *Ham I* at 580. Defendant, citing to extra-Circuit case law, then alleges that the *Ross* decision is the "minority view" and "conflicts with recent holdings in five other circuits." *Id.* at 15. Defendant's cited cases do not support this legal assertion. *See, e.g. Apple Inc. v. Qualcomm Inc.*, 992 F.3d 1378, 1383-84 (Fed. Cir. 2021) (finding merely that plaintiff did not have Article III standing while stating nothing about whether injury-in-fact is a low threshold); *Doss v. Gen. Mills Inc.*, 816 F. App'x 312, 314 (11th Cir. 2020) (same); *McGee v. S-L Snacks Nat'l*, 982 F.3d 700, 705-06 (9th Cir. 2020) (same); *In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales Practs. & Liab. Litig.*, 903 F.3d 278, 281 (3d Cir. 2018) (same); *Eike v. Allergan, Inc.*, 850 F.3d 315, 318 (7th Cir. 2017) (same); *In re Zantac Prods. Liab. Litig.*, No. 2924, 2023 U.S. Dist. LEXIS 61325, at *189 (S.D. Fla. Apr. 6, 2023) (same). Defendant's reference to the Second Circuit's opinion in *Plutzer v. Bankers Trust Co. of S.D.* for the assertion that there is "some tension regarding the requisite pleading standard for purposes of standing" is also similarly unconvincing. No. 22-561-cv, 2022 U.S. App. LEXIS 32021, at *4 (2d Cir. Nov. 21, 2022). The *Plutzer* Court was considering whether a plaintiff's alleged injury, there an

overpayment, had actually occurred and to what degree of plausibility that plaintiff was required to make their claim of injury. *Id.* at *4. The Circuit did not, as Defendants suggest, take issue with their holding in *Ross* that "injury-in-fact is a low threshold which . . . need not be capable of sustaining a valid cause of action." If anything, the Second Circuit has affirmed that holding in *Ross*, stating that "[i]t is well established in principle that the pleading standard for constitutional standing is lower than the standard for a substantive cause of action." *Harry v. Total Gas & Power N. Am., Inc.*, 889 F.3d 104, 110 (2d Cir. 2018).

The remainder of Defendant's arguments mirror those previously considered by this Court and remain unpersuasive. *See* Mot. at 17-19. The Court finds once again that Plaintiff has established injury-in-fact for those reasons stated in *Ham I*. *See Ham I* at 575-577.

### B. Standing for Other Non-Laptop and Estimated Value Claims

In *Ham I*, this Court found that Plaintiff had standing to bring claims on behalf of others who: (1) purchased other laptop Products, and (2) on behalf of purchasers who were exposed to an "Estimated Value" statement on Defendant's website. *Ham I* at 577-578. Defendant reprises their argument that Plaintiff lacks standing to assert claims for any products other than the T495 laptop which Plaintiff purchased or for purchasers who were exposed to the "Estimated Value" statements. Mot. at 19-23. In their opposition papers, Plaintiffs now argue that while they ought not be able to bring claims on behalf of those who purchased non-computer products such as monitors, cables, and docks, they ought to be permitted to bring claims on behalf of those who bought other non-laptop "computers (i.e. desktop and server computers." Opp. at 22.

The Court first considers Defendant's renewed arguments. Defendant raises the same arguments it presented in its prior motion to dismiss—namely, that Plaintiff's purchased laptop is not sufficiently similar to other products and that the "web price" and "estimated value"

misrepresentations are not sufficiently similar. Mot. at 20-23. Defendant's only novel support of these arguments are some scattered citations to intervening precedent not binding on this Court. *See* Motion at 20-22 (citing *Brown v. COTY, Inc*, 2023 U.S. Dist. LEXIS 54316 (S.D.N.Y. Mar. 29, 2023), *Eshelby v. L'Oreal USA, Inc.*, 664 F. Supp. 3d 417 (S.D.N.Y. 2023), and *Seljak v. Pervine Foods, LLC*, 2023 U.S. Dist. LEXIS 36111 (S.D.N.Y. Mar. 3, 2023)). Defendant's reliance on *Brown* in support of their argument that the laptop Products are not sufficiently similar is misplaced. In *Brown*, the plaintiff brought fraud claims against the defendant for failing to disclose that their product contained synthetic chemicals. 2023 U.S. Dist. LEXIS 54316 at *3. There, the plaintiff attempted to bring claims for unpurchased products without alleging that "they contain[ed] the same PFAS at the same levels" as the purchased product. *Id.* at *9. Plaintiff was ultimately unsuccessful because "PFAS differ in the type and severity of harm they may produce and the level of exposure at which they are harmful." *Id.* Plaintiff's allegations as to the laptop Products do not implicate similar concerns because those products function in largely the same manner as portable computing devices.

Moving on to the "Estimated Values" claims, the Court disagrees with Defendant that its prior holding is in "conflict with other courts in this District." Mot. at 21. Rather, the Court's holding is closely aligned with the reasoning employed in *Buonasera v. Honest Co.* The *Buonasera* Court found that the plaintiff had sufficiently alleged similarity as to misrepresentations for unpurchased products even though those products "were also labeled as 'all natural,' 'natural,' 'plant-based,' and contain 'no harsh chemicals.'" *Buonasera v. Honest Co.*, 208 F. Supp. 3d 555, 563 (S.D.N.Y. 2016). There, as here, Defendant's "Estimated Value" and "Web Price" representations are sufficiently similar for Plaintiff to bring claims on behalf of

those consumers at this stage of the litigation. Therefore, the Court again agrees that Plaintiff has adequately alleged standing to bring claims on behalf of these consumers.

Plaintiff argument that there exist substantial similarities between laptop, desktop, and server computers warranting a finding that Plaintiff has standing to bring claims for other computer consumers is unsuccessful. While, as Plaintiff argues, many of these computers share some technical components such as CPUs, GPUs, motherboards, RAM, hard drives, etc., there are many technical features and components which they do not have in common including portability, screens, trackpads, and batteries. Opp. at 22. Therefore, these products are "distinct and serve different purposes," and as such, the Court finds again that Plaintiff has standing to bring claims only for laptop consumers. *Hart v. BHH, LLC*, No. 15cv4804, 2016 U.S. Dist. LEXIS 59943, at *10 (S.D.N.Y. May 5, 2016).

C. **Standing for Injunctive Relief**

The Court's prior decision found that Plaintiff lacked standing for injunctive relief because Plaintiff failed to plead a risk of future injury. *Ham I* at 578. The Court reached its decision because Plaintiff alleged in the initial Complaint that Plaintiff "would not have purchased the laptop if he knew the alleged truth regarding the discount." *Ham I* at 578. Plaintiff now argues that he has standing to seek injunctive relief because he "would like to be able to consider Lenovo Products in the future, but" is unable to do so because of the Defendant's allegedly unlawful pricing scheme. FAC ¶ 87.

"Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *City of Los Angeles v. Lyons*, 461 U.S. at 102 (citing *O'Shea v. Littleton*, 414 U.S. 488, 495–96

(1974)) (quotation marks omitted). A plaintiff must "demonstrate that she is likely to be harmed again in the future in a similar way." *Nicosia v. Amazon*, 834 F.3d 220, 239 (2d Cir. 2016).

Defendant, relying on the Second Circuit's decision in *Berni v. Barilla S.p.A*, 964 F.3d 141 (2d Cir. 2020) argues that plaintiff "cannot rely on past injury . . . but must show a likelihood that he . . . will be injured in the future." Mot. at 23-24 (quoting 964 F.3d at 148). Defendant goes on to state that because "past purchasers . . . [are] aware they have been deceived, that will often be the last time they will buy that item." *Id.* (quoting 964 F.3d at 148).

Plaintiff's additional allegation regarding his future consideration of Lenovo products is insufficient to establish a risk of future injury. *See id.* at 24 (citing *Marino v. Coach, Inc.*, 264 F. Supp. 3d 558, 564 (S.D.N.Y. 2017) for the proposition that a plaintiff does not have standing for injunctive relief claims "based entirely on their past injuries and the potential that other consumers might be deceived in the future"). Therefore, Plaintiff does not have individual standing to seek injunctive relief.

## II. N.Y.G.B.L. §§ 349 and 350 Claims

The First Amended Complaint again alleges that Defendant violated N.Y.G.B.L. § 349 by "engag[ing] in unfair and/or deceptive conduct by . . . making the representations that the Products were of a far higher quality than they actually were, based on fictitious List Prices or Estimated Values billed to consumers as an accurate representation of the Products' overall quality," FAC ¶ 79, and that "Defendant's advertising and the Product's fictitious pricing or valuation induced Plaintiff and the Class to purchase Lenovo's products at a price premium based on false and misleading statements." *Id.* at ¶ 84.

"To state a claim under either section, a plaintiff must plead facts to show that (1) the challenged transaction was consumer-oriented; (2) defendant engaged in deceptive or materially

misleading acts or practices; and (3) plaintiff was injured by reason of defendant's deceptive or misleading conduct." *Izquierdo v. Panera Bread Co.*, 450 F. Supp. 3d 453, 461 (S.D.N.Y. 2020) (internal citations and quotations omitted). Claims under GBL §§ 350 and 350-a "must meet all of the same elements as a claim under GBL § 349." *Wurtzburger v. Ky. Fried Chicken*, No. 16-CV-08186 (NSR), 2017 WL 6416296, at *2 (S.D.N.Y. Dec. 13, 2017) (citing *Goshen v. Mut. Life Ins. Co. of N.Y.*, 98 N.Y.2d 314, 324 n.1, (2002)).

Plaintiff raises two theories of injury as it pertains to his claims. The first is the same theory of injury Plaintiff previously presented—that he "did not receive the product [he] bargained for." *Rodriguez v. Hanesbrands Inc.*, No. 17-CV-1612 (DLI), 2018 U.S. Dist. LEXIS 28002, at *12 (E.D.N.Y. Feb. 20, 2018). Plaintiff's argument is predicated upon the assertion that he "was fraudulently induced to believe (incorrectly) that his T495 was of substantially higher quality than . . . other competitors and purchase[d] his Product motivated by that belief." FAC ¶ 60. Plaintiff goes on to allege that Defendant's "Products' actual value and quality are much lower than advertised," FAC ¶ 16, and that they "misled Plaintiff into believing that . . . he was receiving a Product of overall quality reflected in the devise's List Price." FAC ¶¶ 61-62.

In support of this injury theory, Plaintiff relies heavily on the assertion that "computers are a special category of consumer goods too complex for consumers to evaluate holistically based on countless narrow specifications," Mot. at 7, and that they must therefore rely on Defendant's representation of the product's overall "actual quality, performance, capability, reliability, or longevity" as expressed through the product's purported price or value. *Id.* at 9. Plaintiff again cites to *Cannon v. Ashburn Corp.*, No. 16-1452 (RMB/AMD), 2016 U.S. Dist. LEXIS 169040 (D.N.J. Dec. 7, 2016) and other cases in support of the assertion that "where consumers cannot independently holistically evaluate products but must instead rely on

manufacturers' representations regarding the overall value of the products, those representations regarding overall value . . . for the basis of a benefit of the bargain injury." Opp. at 10 (quotation marks omitted); *see also id.* (citing again to *Dicicco v. PVH Corp.*, 2020 U.S. Dist. LEXIS 160465 (S.D.N.Y. Sep. 2, 2020) and *Robey v. PVH Corp.*, 495 F. Supp. 3d 311 (S.D.N.Y. 2020)).

Plaintiff's argument remains unpersuasive. Plaintiff acknowledges again that the Defendant disclosed the Products' specifications to consumers, meaning that consumers can make value comparisons themselves. The Defendant's laptops, while containing complex machinery, are not akin to the wine products at issue in *Cannon* for which a similar manner of specification disclosure is not feasible. What's more, as the *Dicicco* case makes clear, New Jersey courts themselves "have dismissed . . . claims making allegations of false discount price advertising that are similar to those in the instant action." 2020 U.S. Dist. LEXIS 160465 at *15 (citing *Hoffman v. Macy's*, 2010 N.J. Super. Unpub. LEXIS 1412, 2011 WL 6585, at *1 (N.J. Super. Ct. App. Div. June 28, 2010), cert. denied, 204 N.J. 38, 6 A.3d 441 (N.J. 2010)). Here, as in *Hoffman*, Plaintiff argues that Defendant's Products List Price and Estimated Value do not actually convey the Products' value. 2010 N.J. Super. Unpub. LEXIS 1412 at *2. Therefore, here, as there, this Court finds that Plaintiff has failed to adequately plead a benefit-of-the-bargain injury under the N.Y.G.B.L.

We next consider Plaintiff's second theory of injury, which is that he paid a price premium because of Defendant's alleged fictitious pricing. *See* Opp. at 10-14. Plaintiff now alleges that Defendant "surreptitiously boosts consumer perception of the overall quality of its Products" through its "significantly inflated" value assertions. *Id.* at 10.

"To allege injury under a price premium theory, a plaintiff must allege not only that defendants charged a price premium, but also that there is a connection between the

misrepresentation and any harm from, or failure of, the product." *Duran v. Henkel of Am., Inc.*, 450 F. Supp. 3d 337, 350 (S.D.N.Y. 2020) (quoting *DaCorta v. AM Retail Grp.*, No. 16 Civ. 1748 (NSR), 2018 U.S. Dist. LEXIS 10733 at *16 (S.D.N.Y. Jan. 23, 2018)) (quotation marks omitted).  The traditional price premium claim proceeds by a "plaintiff alleg[ing] that a company marketed a product as having a unique quality, that the marketing allowed the company to charge a price premium for the product, and that the plaintiff paid the premium and later learned that the product did not, in fact, have the marketed quality." *Id.*

Plaintiff's factual allegations fall short as the FAC does not allege that the Defendant's product was defective or missing any advertised feature.  Perhaps recognizing this, Plaintiff broadens the scope of price premium injury to include "allegations that a product had significantly less value than it warranted."  Opp. at 11 (citing *Fishon v. Peloton Interactive, Inc.*, 620 F. Supp. 3d 80, 94 (S.D.N.Y. 2022)).  Plaintiff then relies heavily on the 9th Circuit's decision and reasoning in *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1107 (2013) in which that court stated that "when a consumer purchases merchandise on the basis of false price information, and when the consumer alleges that he would not have made the purchase but for the misrepresentation, . . . he has suffered an economic injury." *See also* Opp. at 12.  The *Hinojos* decision held that because a product's "regular" or "original" price anchors a consumer's views as to the worth of a product, a price premium injury may occur "in the same way as a false product label" might cause one.  718 F.3d at 1106.

As other courts in this Circuit have observed, "*Hinojos* is in tension with holdings of other federal courts that disappointed bargain hunters do not allege any actual injury simply because they did not get as good a deal as they had hoped." *Dicicco*, 2020 U.S. Dist. LEXIS 160465 at *16 n.8 (citing *Belcastro v. Burberry Ltd.*, No. 16-CV-1080 (VEC), 2017 U.S. Dist.

LEXIS 26296, at *13 (S.D.N.Y. Feb. 23, 2017)).  Even setting this tension aside, Plaintiff's argument is not supported under the law of New York.  *See Belcastro*, 2017 U.S. Dist. LEXIS 26296 at *13 (stating that New York law, unlike California law, "requires some connection between the deception and the price actually paid by the plaintiff or the intrinsic value of the good.").  Here, Plaintiff argues merely that consumers would not have purchased Defendant's Products but for the alleged misrepresentation, which is insufficient to establish "actual injury." *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 56, 698 N.Y.S.2d 615, 621, 720 N.E.2d 892, 898 (1999).

Therefore, "[a]lthough the Court has concluded that Plaintiff adequately pleaded an injury-in-fact for purposes of Article III standing," Plaintiff has again failed to "properly allege[] an injury for his N.Y. G.B.L. §§ 349 and 350 claims."  *Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562, 576 (S.D.N.Y. 2021).

### III. Fraud Claim

To allege fraud under New York law, a plaintiff must allege "a representation of material fact, falsity, scienter, reliance and injury."  *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 57 (1999).  Because Plaintiff has failed to sufficiently plead injury as to Defendant's alleged pricing scheme, his common law fraud claim is also dismissed for failure to plead an injury.  *See Smalls*, 94 N.Y.2d at 57 (dismissing common law fraud claim upon finding plaintiff failed to plead injury on their N.Y.G.B.L. claim).

### IV. Unjust Enrichment Claim

In New York, an unjust enrichment claim requires a plaintiff to establish (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution.  *Zakheim v. Curb Mobility LLC*, No. 22-4594, 2023 U.S. Dist. LEXIS 99723,

at *18 (E.D. Pa. June 8, 2023) (citing *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 586 (2d Cir. 2006). A claim for unjust enrichment lies "only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff." *Corsello v. Verizon N.Y., Inc.*, 2012 NY Slip Op 2343, ¶ 1, 18 N.Y.3d 777, 781, 944 N.Y.S.2d 732, 734, 967 N.E.2d 1177, 1179. A claim for unjust enrichment does not lie under New York law "where it simply duplicates, or replaces, a conventional contract or tort claim." *Id.* at ¶ 9; *see also id.* (stating that "unjust enrichment is not a catchall cause of action to be used when others fail"). Courts analyzing such issues under New York law routinely dismiss unjust enrichment claims which are based upon "the same facts giving rise to . . . [unsuccessful] claims under the New York General Business Law and for fraud." *Zakheim*, 2023 U.S. Dist. LEXIS 99723 at *19; *see also Barton v. Pret A Manger (USA) Ltd.*, 535 F. Supp. 3d 225, 249 (S.D.N.Y. 2021) (dismissing an unjust enrichment claim where the plaintiff "relie[d] on the same . . . theory of liability" and injury as their NYGBL claim) (citing *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 474 (S.D.N.Y. 2020)); *Grossman v. Simply Nourish Pet Food Co. LLC*, 516 F. Supp. 3d 261, 285 (E.D.N.Y. 2021) (same); *Borenkoff v. Buffalo Wild Wings, Inc.*, No. 16-cv-8532 (KBF), 2018 U.S. Dist. LEXIS 8888, at *13 (S.D.N.Y. Jan. 19, 2018) ("The essence of [plaintiff's] unjust enrichment claim is that (1) she purchased defendants' food items as a result of their material omissions, and (2) defendants' unjustly retained the revenue from those purchases. Those allegations are entirely duplicative of [plaintiffs] GBL § 349 claim, and therefore the unjust enrichment claim must be dismissed under New York law.").

Plaintiff argues in his opposition that: (1) he has adequately pleaded an unjust enrichment claim because he has standing to bring suit, and (2) that his unjust enrichment claim is not

duplicative of because it was pled in the alternative and alleges distinct damages. First, as stated herein, the elements and analysis employed for determining whether a plaintiff has standing and whether they have sufficiently pleaded an unjust enrichment claim are not the same. Second, the case law clearly establishes that unjust enrichment claims are duplicative of NYGBL claims where they are premised on the same "factual allegations and the same theory of liability." *Hesse*, 463 F. Supp. 3d at 474. Plaintiff's unjust enrichment claim is predicated upon the very same price premium and benefit of the bargain theories of injury advanced for his statutory fraud claims. *See* FAC ¶ 111 ("Lenovo received the benefits to the detriment of Plaintiff and the other members of the Class because Plaintiff and the other members of the Class purchased Products at a price premium due to Defendant's deliberate misrepresentations, and the Products are not what they bargained for or of the quality Defendant represents."). Therefore, Plaintiff's unjust enrichment claim is dismissed as duplicative.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED** without prejudice. Plaintiff is granted leave to amend his Complaint within 21 days of the entry of this Order.

**SO ORDERED.**

**Dated: March 29, 2024**
    **New York, New York**

                                          **ANDREW L. CARTER, JR.**
                                          **United States District Judge**